**Mrs. Lydia L. MORALES, Plaintiff,**

v.

**James A. HAINES, Mayor of Harvey, Illinois, et al., Defendants.**

**No. 71 C 762.**

United States District Court,
N. D. Illinois, E. D.

Sept. 22, 1972.

James M. Rosenbaum, Ronald S. Samuels, Chicago, Ill., for plaintiff.

Edward T. Havey, Chicago, Ill., for defendants.

## MEMORANDUM OF DECISION

TONE, District Judge.

This action is brought to challenge the refusal of the defendant city to permit construction within its boundaries of houses financed under Section 235 of the Federal Housing Act, 12 U.S.C. § 1715z. Jurisdiction exists under 28 U.S.C. § 1343(3) and (4) and § 2201. The case was tried to the court without a jury.

The following facts are not in dispute:

Plaintiff is a Negro citizen of the United States who entered into a contract to purchase a house to be built by Maridan Construction Company in Harvey, Illinois and financed under Section 235. The defendants are the City of Harvey, Illinois, its Mayor, James A. Haines, and its former Planning Commission Chairman, Raymond Bodnar, who held that office at the time of the

conduct complained of but is no longer an officer of the defendant city.

Prior to the events in issue here Maridan Construction Company had constructed approximately 400 Section 235 financed houses in the City of Harvey. All or substantially all of these houses were purchased and occupied by Negroes. These houses are standard models which conform to Federal Housing Administration regulations and to all of the building code regulations of the city in all respects save one: Some of the houses are single family dwellings built on an unpaved street, which is in conflict with the City of Harvey Housing Code Regulation No. 1527.

Regulation No. 1527 has been waived by the City of Harvey many times and has never been enforced during the administration of defendant Haines, which began May 1, 1967, except in the instance complained of here. The city has no accurate record of the number of times this provision has been waived.

Section 235 houses are financed under an arrangement whereby the purchaser, who must meet a statutory standard as to earnings and family size, may qualify for Government subsidized interest payments. Beneficiaries under this kind of financing arrangement are not destitute but are of "low and moderate income" as defined by the statute.

Section 235 financed houses are not distinguishable from other homes in their price category. A Section 235 house is not permitted to exceed $24,500 for a four-bedroom single family dwelling, under Department of Housing and Urban Development regulations. It must meet local and federal housing standards and regulations in the same way as any other newly constructed home. It can be purchased under conventional financing, Veterans Administration financing or standard F.H.A. financing. Section 235 relates only to the Federal Government subsidy in the form of a partial payment of some percentage of the mortgage interest. The exact percentage of the mortgage interest paid by the Government is based on factors relating to cost, interest, and the recipient family's net income and number of children.

In the summer of 1970 Maridan Construction Company received all necessary H.U.D. and F.H.A. clearances and commitments to build a group of 90 Section 235 homes in the City of Harvey, among which at least one was to be built on a paved street so that Housing Code Regulation No. 1527 would not apply. It was one of these 90 homes, to be located at 26 East 104th Street in the City of Harvey, for which the plaintiff contracted to purchase and for which she sought a building permit.

Late in the summer of 1970 the defendants administratively decided that the city would not allow any more homes financed under Section 235 to be built within the city's limits. In implementing this decision the defendants refused to issue any building permits for Section 235 homes which Maridan Construction Company proposed to build, including the one which was to be built for plaintiff. About one year later, on September 27, 1971, the City Council adopted Resolution No. 868, which gave formal recognition to this decision and provided that no permits would be issued for such homes for a period of one year from the date of the resolution.

Following the refusal by the city to issue a building permit for construction of the home she had contracted to purchase from Maridan Construction Company, plaintiff sought conciliation of the refusal pursuant to 42 U.S.C. § 3610 by application to H.U.D. She never personally consulted with H.U.D., but the defendants did several times and during these consultations they never raised the objection that any of the homes scheduled to have been built were in technical violation of Housing Code Regulation No. 1527, relating to construction of single family dwellings on unpaved streets.

It is stipulated that the number and percentage of the City of Harvey's Ne-

gro population, as shown by the last two United States censuses, are as follows:

| Year | Total Population | Total Negro Population | Percentage of Negro Population |
|------|------|------|------|
| 1960 | 29,071 | 1,986 | 6.8% |
| 1970 | 33,864 | 10,771 | 30.9% |

The resolution in which the city prohibits the issuance of building permits for Section 235 homes for a period of one year recites the following reasons for its action:

"WHEREAS, it is deemed for the best interest of the City of Harvey not to issue more permits for this type of low construction housing for the following reasons:

A. It is a concentration of too much low cost housing to one city.

B. This type of construction can only mean slums in the city.

C. Building of these homes has discouraged other builders to build better homes in the City of Harvey.

D. These homes lower the land values of other residents in the City of Harvey."

In his testimony defendant Haines stated as the reasons Maridan Construction Company's application to build additional Section 235 homes was denied the four reasons listed in the resolution, but he related them to the area of the city in which the houses were to be built and not the city as a whole. He stated as an additional ground that the street on which the houses were to be built was unimproved, and that under the housing regulation referred to above it was unlawful to issue a permit for the construction of a house on such a street, but he acknowledged that during his administration the regulation had regularly been waived upon the undertaking of the builder to pave the street. He testified that other new homes have been built in Harvey during the past two years, and that he does not know whether there have been any denials of permits for homes other than Section 235 homes.

In addition, Haines testified that the City of Harvey's Negro population is integrated with the white population rather than segregated. Most Harvey residents, he said further, fall within low income or low medium income classifications. He also stated that the city hoped that, if Section 235 homes were delayed for a period of time, some of those that were to be built would be built in other communities rather than in the City of Harvey.

[1] The refusal of building permits for Section 235 houses violates the Equal Protection Clause of the Fourteenth Amendment. It is conceded by the city that houses financed under Section 235 are physically indistinguishable from other houses in their price category, which the city allows to be built. The fact that the Federal Government subsidizes part of the interest on the mortgage indebtedness on Section 235 houses is not a reasonable basis for classifying them differently from other houses. To hold otherwise would be to countenance a basis for classification which is clearly impermissible under the Fourteenth Amendment, *viz.*, the financial means of the prospective owner.

The fact that the lot in question was on an unpaved street was not the real reason for the denial of the permit and does not justify the city's action. It is conceded, in fact, that at least one of the group of Section 235 houses for which permits were sought in the summer of 1970 was to be located on a paved street, yet the permit was denied for that house as well as the others. The city may not rely on Housing Code Regulation No. 1527 to prohibit the construction of plaintiff's house or other Section 235 houses when it has waived compliance with that regulation in all other instances in recent years.

In view of the foregoing it is unnecessary to decide whether the decision to ban additional Section 235 houses was

motivated to any extent by the likelihood that such houses would be occupied by blacks or by a desire to control "racial balance."

The City Council's Resolution No. 868 is void. An injunction will issue enjoining the defendant city and defendant Haines, and their agents, from refusing to issue a permit for the construction of a Section 235 house by Maridan Construction Company, or such other builder as plaintiff may designate, at 26 East 104th Street in the City of Harvey. The injunction need not be directed against defendant Bodnar, because he is no longer an agent of the city.

Plaintiff has not proved any pecuniary damages. Since I cannot find on this record that the defendants have acted in bad faith or with deliberate intent to deprive plaintiff of a federally protected right, the award of punitive damages or attorneys' fees, which, if allowed, would be borne in whole or in large part by the taxpayers of the city, would not be appropriate. Plaintiff is entitled to costs.

This memorandum of decision will stand as findings of fact and conclusions of law.