**Lydia L. MORALES, Plaintiff-Appellant,**

v.

**James A. HAINES, Mayor of Harvey, Illinois, et al., Defendants-Appellees.**

**No. 72–2012.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 20, 1973.

Decided Oct. 11, 1973.

F. Willis Caruso, Chicago, Ill., for plaintiff-appellant.

William F. Donahue, Harvey, Ill., Edward T. Havey, Chicago, Ill., for defendants-appellees.

Before KILEY, FAIRCHILD and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

The complaint was brought under 42 U.S.C. §§ 1982, 1983, 3604 and 3612 to challenge the refusal of the defendant, City of Harvey, Illinois, to permit construction within its boundaries of houses financed under Section 235 of the Federal Housing Act, 12 U.S.C. § 1715z.[1]

The plaintiff is a black citizen who entered into a contract to purchase a house to be built by Maridan Construction Company in Harvey and to be financed under Section 235. Maridan had previously constructed about 400 Section-235-financed houses in Harvey and in the summer of 1970 had received all necessary federal clearances and commitments to build 90 more such houses in Harvey, including the one contracted to be purchased by plaintiff.

Late in the summer of 1970, the defendants administratively decided that the city would not allow any more Section 235 houses to be built within the city limits. To implement this decision the defendants refused to issue any building permits for such housing, including the one to be built for plaintiff. About one year later, on September 27, 1971, the city council adopted Resolution No. 868, which gave formal recognition to this decision and provided that no permits would be issued for such housing for a period of one year from the date of the resolution.

Upon a trial without a jury, the district court held that the "refusal of building permits for Section 235 houses violates the Equal Protection Clause of the Fourteenth Amendment" inasmuch as the basis for classification, which was "the financial means of the prospective owner," is impermissible. 349 F.Supp. 684, 686.

The complaint had sought a permanent injunction, actual and punitive damages, and attorneys' fees. The district court permanently enjoined defendants from refusing to issue a permit for the construction of a Section 235 or other federally financed, guaranteed or subsidized house to plaintiff. Actual and punitive damages and attorneys' fees were denied.

Although the plaintiff's notice of appeal purported to appeal the entire judgment, plaintiff has not challenged the permanent injunction relief but only the court's denial of actual and punitive damages and attorneys' fees. The plaintiff further challenged the court's fail-

---

[1] The district court found: "Section 235 financed houses are not distinguishable from other homes in their price category. A Section 235 house is not permitted to exceed $24,500 for a four-bedroom single family dwelling, under Department of Housing and Urban Development regulations. It must meet local and federal housing standards and regulations in the same way as any other newly constructed home. It can be purchased under conventional financing, Veterans Administration financing or standard F. H.A. financing. Section 235 relates only to the Federal Government subsidy in the form of a partial payment of some percentage of the mortgage interest. The exact percentage of the mortgage interest paid by the Government is based on factors relating to cost, interest, and the recipient family's net income and number of children." Morales v. Haines, 349 F.Supp. 684, 685 (N.D.Ill.1972).

ure to find racial discrimination [2] and argued that damages and attorneys' fees would, or at least could, result from such a finding.

The complaint expressly prayed for actual and punitive damages and attorneys' fees, and the claim for relief was founded on 42 U.S.C. §§ 1982, 1983, 3604 and 3612.

Section 3604 makes it unlawful to make unavailable or deny a dwelling, or to discriminate in the terms, conditions or privileges of sale of housing "because of race, color, religion or national origin." Section 3612(c) provides that the court "may award to the plaintiff actual damages and not more than $1,000 punitive damages, together with . . . reasonable attorney fees in the case of a prevailing plaintiff: *Provided*, That the said plaintiff in the opinion of the court is not financially able to assume said attorney's fees."

 Section 1982 provides that "[a]ll citizens of the United States shall have the same right . . . as is enjoyed by white citizens . . . to . . . purchase . . . [and] hold . . . real . . . property." Although damages and attorneys' fees are not expressly mentioned, compensatory (Sullivan v. Little Hunting Park, Inc., 396 U. S. 229, 238–240, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969)) and punitive damages (Lee v. Southern Home Sites Corp., 429 F.2d 290, 293–295 (5th Cir. 1970)), and attorneys' fees (Lee v. Southern Home Sites Corp., 444 F.2d 143, 144–148 (5th Cir. 1971)) may be awarded in a § 1982 case.

Punitive damages (McDaniel v. Carroll, 457 F.2d 968 (6th Cir. 1972)) and attorneys' fees (Monroe v. Board of Commissioners, 453 F.2d 259, 262–263 (6th Cir. 1972)) may also be awarded in a § 1983 case.

Thus the finding of the presence or absence of racial discrimination is material to the resolution of the plain-

tiff's prayers for actual and punitive damages and attorneys' fees and that finding should be made. "Where the trial court fails to . . . find on a material issue, . . . the appellate court will normally vacate the judgment and remand the action for appropriate *findings to be made.*" 5A J. Moore, Federal Practice ¶52.06[2], at 2718 (2d ed. 1971).

That part of the judgment denying actual and punitive damages and attorneys' fees is vacated. The case will be remanded for appropriate findings on racial discrimination and for the determination of actual and punitive damages and attorneys' fees in the light of those findings. Cash v. Swifton Land Corp., 434 F.2d 569, 572 (6th Cir. 1970). *See also* Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (attorneys' fees awarded where injunction benefits persons other than plaintiff). In all other respects, the judgment is affirmed.

Affirmed in part; vacated and remanded in part.

---

2. The court found that in view of its finding of financial discrimination "it is unnecessary to decide whether the decision to ban additional Section 235 houses was motivated to any extent by the likelihood that such houses would be occupied by blacks or by a desire to control 'racial balance.'" 349 F. Supp. 684, 686–687.