**Raymond Alwyn McMAHON, Plaintiff-Appellant,**

v.

**Malcolm BEARD, Sheriff of Hillsborough County, Florida, Defendant-Appellee.**

No. 78–1749
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 2, 1978.

Rehearing Denied Nov. 30, 1978.

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Raymond Alwyn McMahon, pro se.

Fowler, White, Gillen, Boggs, Villareal & Banker, James E. Thompson, Chris W. Altenbernd, Tampa, Fla., for defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

RONEY, Circuit Judge:

In this case we affirm the district court's summary judgment against a pretrial detainee's claim that his solitary confinement, after attempted suicide, in a "strip cell," and the lack of optimum medical care given him, violated his constitutional rights.

Plaintiff McMahon, arrested for the first degree murder of two young girls, was confined in the Hillsborough County Jail. A year and a half later, after he pled guilty and had been removed to another penal facility, he brought a *pro se* complaint against the defendant sheriff alleging a 42 U.S.C.A. § 1983 cause of action for cruel and unusual punishment by his conditions of confinement and "medical negligence."

The district court granted leave to proceed *in forma pauperis*, permitted an amended complaint asserting a class action, sustained both complaints against a motion to dismiss, but twice denied the appointment of an attorney. After certain discovery by both sides, including cross-interrogatories, both plaintiff and defendant moved for summary judgment. Although the case lacked attention for over a year, due to the crowded criminal docket and judicial vacancies in the Middle District of Florida, it eventually came on for a hearing on the cross-motions for summary judgment, with McMahon in attendance and stating his case before the judge.

It appeared that due to high adverse publicity about the crime, plaintiff had been placed in an individual cell for his own protection. Shortly after his confinement, he attempted suicide by hanging himself with strips of his sheets, but was cut down by the jailers. After his attempted suicide, McMahon remained confined in his cell, but the cell was stripped of all material which could be used in another suicide attempt. McMahon's clothing was removed, and he remained nude in the "stripped" cell without a mattress, sheets, or blankets.

The hearing resulted in eliminating any issues of fact asserted to be critical by either party, except the length of time that plaintiff was deprived of his clothing. For

174

the purposes of summary judgment, defendant conceded that the court should assume that the condition continued for up to 90 days.

At the conclusion of the hearing, the court denied plaintiff's motion for summary judgment, granted defendant's and gave plaintiff leave to file an amended complaint on the class action that would conform to the class action rules of the court. In announcing his decision at the hearing, the district judge relied upon *Novak v. Beto*, 453 F.2d 661 (5th Cir. 1971), *cert. denied*, 409 U.S. 968, 93 S.Ct. 279, 34 L.Ed.2d 233 (1972). In a written order, the district court cited *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and *Gates v. Collier*, 501 F.2d 1291, 1301 (5th Cir. 1974), *vacated and remanded on other grounds*, 522 F.2d 81 (1975) (en banc). When plaintiff did not file an amended complaint within the time provided, the court dismissed the case with prejudice. We find no error in the district court's judgment.

■ There were no allegations or evidence proffered suggesting that any other prisoners were accorded the treatment given to plaintiff. The class action request was thus properly denied. *Cf. Satterwhite v. City of Greenville*, 578 F.2d 987 (5th Cir. 1978) *(en banc)*.

There is a serious question as to the viability of the case before us. Plaintiff initially asked for declaratory and injunctive relief and $25.00 damages for expenses he had incurred in medical costs. The fact that plaintiff is no longer in defendant's institution removes the efficacy of injunctive relief for him individually, and his failure to properly allege facts to support a class action precludes the grant of injunctive relief for a class. His failure to argue on appeal the inadequacy of medical treatment might appear to be an abandonment of the damage claim for medical expense. Because this was a *pro se* complaint, however, and since general damages are allowable under § 1983, we have deemed it appropriate to review plaintiff's action on the merits rather than to dismiss the appeal as moot.

■ There is no indication in the record of the deliberate indifference to serious medical needs, or of unnecessary and wanton infliction of pain, as is necessary to create an issue of fact under the legal standards established by *Estelle v. Gamble, supra*. To the contrary, the record reflects a concern for plaintiff's medical condition. In his statements before the court, plaintiff stated that he had not received "optimum" or "best" medical treatment. Were this the legal standard, a trial of the issues might be required. Under the controlling *Estelle v. Gamble* standard, however, the defendant was entitled to summary judgment on this issue.

■ The more difficult issue is presented by the conditions of confinement because the district court had to accept the fact that the prisoner was confined in "strip" conditions for up to three months. A careful analysis of the uncontradicted facts under the proper legal standards, however, shows that plaintiff's complaint does not rise to the constitutional level required for relief.

Since the case involved confinement conditions of a pretrial detainee, it must be analyzed as a due process deprivation rather than as cruel and unusual punishment. *Inmates of Suffolk County Jail v. Eisenstadt*, 360 F.Supp. 676, 688 (D.Mass.1973), *aff'd*, 494 F.2d 1196 (1974); *see Miller v. Carson*, 563 F.2d 741, 746, 750 (5th Cir. 1977). If limitations placed on a pretrial detainee are more restrictive than necessary to assure his presence at trial or to preserve security in the jail, the detainee's due process rights are violated. *Miller, supra* at 750. Punitive measure which may be imposed on convicted prisoners may not be imposed on pretrial detainees. *Anderson v. Nosser*, 438 F.2d 183, 190 (5th Cir. 1971), *rev'd in part*, 456 F.2d 835 *(en banc)*, *cert. denied*, 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed.2d 89 (1972); *Inmates of Suffolk County Jail, supra*, 360 F.Supp. at 685. There would appear to be little difference, however, between the due process standard and the Eighth Amendment standard insofar as this case is concerned.

There is no indication here that the confinement conditions were imposed as punishment rather than for the protection of the prisoner. We have consistently held that prison officials have a broad discretion to determine the methods by which they will carry out their responsibilities. *See, e. g., Anderson, supra* at 190.

The record here clearly shows that defendant had two concerns about plaintiff's safety: *first,* he was suicidal, and *second,* his alleged crime involving two young girls subjected him to contempt and possible harm from other prisoners. The latter interest was protected by solitary confinement which, standing alone, does not violate the Constitution. *Novak, supra* at 665, and cases cited therein. The solitary cell here with a flush toilet, washbasin, shower, bed, and lights makes this case clearly distinguishable from the line of cases focusing on unsanitary cell conditions. Neither is there any suggestion of lack of food, although as part of his medical claim plaintiff complained of the kind of food. Nor is there a question as to the size of the cell. *See Gates, supra; Wright v. McMann,* 460 F.2d 126 (2d Cir. 1972); *Anderson, supra; Campise v. Hamilton,* 382 F.Supp. 172 (S.D. Tex.1974), *appeal dismissed,* 541 F.2d 279 (1976), *cert. denied,* 429 U.S. 1102, 97 S.Ct. 1127, 51 L.Ed.2d 552 (1977); *Hancock v. Avery,* 301 F.Supp. 786 (M.D.Tenn.1969).

The single point for focus is that after his attempted suicide, McMahon's clothing was removed, and he remained nude in a stripped cell without mattress, sheets, or blankets for a period of up to three months. Two issues arise: *first,* whether imposing these conditions was unconstitutional, and *second,* if not unconstitutional *ab initio,* whether maintaining the conditions for three months violated the Constitution.

Defendant was justified initially in imposing these conditions on plaintiff. Plaintiff here admitted that he hung himself with a bed sheet, but his life was saved by his jailer. Removal of all cloth which might offer a means for suicide would seem prudent. *See Logue v. United States,* 334 F.Supp. 322 (S.D.Tex.1971) (where nude prisoner placed in a stripped cell hung himself with the bandages which had been placed on his slit wrist). The defendant's interest in protecting the prisoner against taking his own life is well reflected by cases finding jailers whose prisoners have committed suicide liable when their negligence allows prisoners who they knew were suicidal to commit suicide. *See, e. g., Logue, supra* (finding prison officials liable for negligently failing to keep suicidal prisoner under constant surveillance).

The question then is whether maintaining this condition for three months violates the Constitution. The recent Supreme Court decision in *Hutto v. Finney,* —— U.S. ——, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), recognizes that "the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. [Conditions] . . . might be tolerable for a few days and intolerably cruel for weeks or months." *Id.* at 2572. Under the undisputed facts, however, the district court could properly hold that no constitutional violation occurred. Plaintiff was seen by medical people during the period. There was no indication that he had given up his desire to take his own life. In fact, after the first attempt, he again threatened suicide, and on yet another occasion was found with a weapon in his cell fashioned from a sharpened toothbrush. Eventually plaintiff was provided with paper clothing. It is reasonable that conditions to prevent self-harm can continue as long as the threat of suicide is present.

We do not hold that under no circumstances could prolonged conditions such as here existed approach a constitutional violation. But under the circumstances here, and the uncontradicted evidence before the court, no constitutional violation has been shown upon which to successfully assert a § 1983 claim.

AFFIRMED.