**Darrell HUFFMAN, Plaintiff,**

v.

**Bill HART, as Sheriff of Floyd County, Georgia; Cecil Stewart, as Deputy Sheriff of Floyd County, Georgia; and Tommy Sanders, as Deputy Sheriff of Floyd County, Georgia, Defendants.**

Civ. A. No. C 82–62 R.

United States District Court,
N.D. Georgia,
Rome Division.

Dec. 16, 1983.

Christopher Frazier, Rome, Ga., for plaintiff.

Robert Brinson, Brinson, Askew & Berry, Rome, Ga., for defendants.

## ORDER

HAROLD L. MURPHY, District Judge.

The plaintiff, who brought both a section 1983 claim and a pendent state-law claim of negligence against the defendants, moves for an award of attorney's fees under 42 U.S.C. § 1988 (1981), even though he prevailed at trial only on the pendent claim. His motion is denied because the legislative history to section 1988 indicates that attorney's fees should not be awarded in such a situation.

### I. FACTS

On February 24, 1982 the plaintiff filed a two-count complaint against the defendants: Count I alleged that the defendants violated his due process rights by allowing him to be repeatedly raped in the Floyd

County Jail;[1] Count II alleged a pendent state-law claim of negligence based on the same facts. Both counts arose out of a common nucleus of operative facts, survived a motion for summary judgment and were submitted to a jury. The jury returned a verdict against defendants Stewart and Sanders on the pendent state-law claim only and awarded the plaintiff $185,-000.00 in damages.

## II. DISCUSSION

Section 1988 provides, "In any action or proceeding to enforce a provision of Sections 1981, 1982, 1983, 1985 and 1986 ... or Title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." On its face, section 1988 does not answer the issue before the Court: whether a party is entitled to attorney's fees when both a section 1983 and a pendent state-law claim are presented to a jury, and the party prevails on the pendent claim only. Nor has the United States Supreme Court directly addressed this issue, although its decision in *Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), is instructive.[2]

In *Maher* the plaintiff brought an action under section 1983, alleging that certain Aid to Families with Dependent Children regulations violated both the Social Security Act and the equal protection and due process clauses of the fourteenth amendment. Ultimately the case settled, and the issue before the Court was whether, in light of the settlement, the plaintiff was entitled to attorney's fees under section 1988. In concluding that a section 1988 award was proper, the Court rejected, in an alternative holding, the argument that the eleventh amendment barred the award.

The Court first held that the eleventh amendment does not bar attorney's fee awards because such fees are imposed as part of the costs of an action, and costs have traditionally been awarded without regard to eleventh amendment immunity. *See Hutto v. Finney*, 437 U.S. 678, 695, 98 S.Ct. 2565, 2575, 57 L.Ed.2d 522 (1978). And second, the court stated that even if the eleventh amendment "would ... present a barrier to an award of fees against a State," such an award is proper because Congress, in enacting section 1988, "was clearly acting within its power under § 5 of the Fourteenth Amendment." *Maher, supra,* 448 U.S. at 132, 100 S.Ct. at 2576. The Court explained:

> Under § 5 Congress may pass any legislation that is appropriate to enforce the guarantees of the Fourteenth Amendment. A statute awarding attorney's fees to a person who prevails on a Fourteenth Amendment claim falls within the category of "appropriate" legislation. And clearly Congress was not limited to awarding fees only when a constitutional or civil rights claim is actually decided. We agree with the courts below that Congress was acting within its enforcement power in allowing *the award of fees in a case in which the plaintiff prevails on a wholly statutory, non-civil-rights claim pendent to a substantial constitutional claim* or in one in which both a statutory and a substantial constitutional claim are settled favorably to the plaintiff without adjudication.

*Id.* (emphasis added) (dicta). In a footnote accompanying this text, the Court stated that "the legislative history [to section 1988] makes it clear that Congress intended fees to be awarded where a pendent constitutional claim is involved, even if the statutory claim on which the plaintiff pre-

---

1. Count I was based on a due process violation, rather than on a violation of the eighth amendment, because the plaintiff was a pre-trial detainee. *See McMahon v. Beard,* 583 F.2d 172, 174 (5th Cir.1978).

2. Because the language of section 1988 does not unambiguously answer the question before the Court, consultation of the legislative history to

section 1988 is appropriate to resolve this issue, and *Maher* discusses this history. *See United States v. Garcia,* 718 F.2d 1528 at 1532–33 (11th Cir.1983); *but cf. Russo v. State of New York,* 672 F.2d 1014, 1022–23 (2d Cir.1982) (language of section 1988 unambiguously answers such an issue).

vailed is one for which fees cannot be awarded under [section 1988]." *Id.* n. 15. To support this assertion, the Court cited the following legislative history to section 1988:

> To the extent a plaintiff joins a claim under one of the statutes enumerated in [section 1988] with a claim that does not allow attorney fees, that plaintiff, if it prevails on the non-fee claim, is entitled to a determination on the other claim for the purpose of awarding counsel fees. *Morales v. Haines,* 486 F.2d 880 (7th Cir.1973). In some instances, however, the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the non-constitutional claim is dispositive. *Hagans v. Lavine,* 415 U.S. 528 [94 S.Ct. 1372, 39 L.Ed.2d 577] (1974). In such cases, if the claim for which fees may be awarded meets the 'substantiality' test, *see Hagans v. Lavine, supra; United Mine Workers v. Gibbs,* 383 U.S. 715 [86 S.Ct. 1130, 16 L.Ed.2d 218] (1966), attorney's fees may be allowed even though the court declines to enter judgment for the plaintiff on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a 'common nucleus of operative fact.' *United Mine Workers v. Gibbs, supra,* at 725 [86 S.Ct. at 1138].

H.R.Rep. No. 94–1558 at 4 n. 7 (1976).

The Court's broad assertion that "Congress intended [attorney's] fees to be awarded where a pendent constitutional claim is involved, even if the statutory claim on which the plaintiff prevailed is one for which fees cannot be awarded under [section 1988]," is not supported by the legislative history. Rather, the legislative history appears to indicate that if a party prevails on a claim that does not allow an award of attorney's fees, the party is to be afforded a hearing on whether it is entitled to attorney's fees on the civil rights claim,[3]

and it should be awarded attorney's fees only when 1) the court chooses not to resolve the constitutional claim because the nonconstitutional claim is dispositive,[4] 2) the civil rights claim is substantial, and 3) the pendent claim arises out of a common nucleus of operative facts. Nevertheless, the *Maher* decision indicates in dicta that the plaintiff should prevail on its motion for attorney's fees in this case.[5]

Like *Maher, Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) is a recent Supreme Court decision that is relevant to the plaintiff's motion. In *Hensley* the plaintiffs contended that the conditions of confinement in the forensic unit of a state hospital violated minimal constitutional standards. They prevailed on five of the six alleged violations. The plaintiffs moved for an award of attorney's fees under section 1988, and the issue before the Court was the proper amount of the section 1988 award.

The Court first noted that a plaintiff must be a "prevailing party" to recover under section 1988, and it stated that "'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Id.* at ——, 103 S.Ct. at 1939. The Court then commented on the "important factor of the 'results obtained'" by the plaintiff. *Id.* at ——, 103 S.Ct. at 1940. It elaborated on this point:

> This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a

---

**3.** *See Morales v. Haines,* 486 F.2d 880, 881 (7th Cir.1973).

**4.** *See Hagans v. Lavine,* 415 U.S. 528, 546, 94 S.Ct. 1372, 1383, 39 L.Ed.2d 577 (1974).

**5.** In addition to being dicta, the relevant portion of *Maher* is distinguishable from this case on the ground that the Court implicitly assumed in footnote 15 that the section 1983 claim was not decided adversely to the plaintiff.

satisfactory basis for making a fee award?

In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants—often an institution and its officers, as in this case—counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

It may well be that cases involving such unrelated claims are unlikely to arise with great frequency. Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Id.* at ———, 103 S.Ct. at 1940 (citation and footnote omitted). *Hensley* suggests that the plaintiff in this case was a prevailing party because he "succeed[ed] on [a] significant issue ... which achiev[ed] some of the benefit [he] sought in bringing the suit." *Id.* Further, it suggests that the

plaintiff is entitled to an award of attorney's fees because both his civil rights and pendent claims "involve a common core of facts." *Id. Hensley*, however, involved only the limited question of the proper amount of a section 1988 award when a party prevails on some, but not all, of its civil rights claims.[6]

The Court of Appeals for the Fifth Circuit,[7] also discussed an issue which is related to the plaintiff's motion. In *Church of Scientology v. Cazares*, 638 F.2d 1272 (5th Cir.1981), the court held that the plaintiff's action, which was based on a civil rights claim, was frivolous,[8] and dismissed a pendent claim for defamation. The court then awarded attorney's fees to the defendant for all the work its attorneys performed on the case. The court reasoned that the award was proper because both the civil rights and defamation claims arose out of the "same nucleus of facts." *Id.* at 1291. Furthermore, the court stated that "it would be impossible to accurately apportion the time appellee's attorneys spent on the civil rights claim and on the nonfederal defamation claim." *Id.* at 1291.

*Cazares* does not control this case because it involved the award of attorney's fees to a defendant who *prevailed* on a civil rights claim which was intertwined with a pendent claim for defamation. Thus, no case which is binding authority on this Court directly addresses the present issue. The Court of Appeals for the Fourth Circuit, in *Haywood v. Ball*, 634 F.2d 740 (4th Cir.1980), addressed this issue, however, and held that an award of attorney's fees under section 1988 was improper. The *Haywood* court first noted that several cases had allowed an award of attorney's fees "despite the fact that recovery was based on a pendent claim rather than the constitutional issue." *Id.* at 743.[9]

---

6. This conclusion is supported by the fact that none of the cases that directly discuss the present issue are cited in *Hensley*.

7. Decisions of the Court of Appeals for the Fifth Circuit before September 30, 1981 are binding authority, if not modified by the Court of Appeals for the Eleventh Circuit. *See Bonner v.*

*City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

8. *See id.* at 1275.

9. The court cited *Lund v. Affleck*, 587 F.2d 75, 76–77 (1st Cir.1978); *Kimbrough v. Arkansas Activities Assoc.*, 574 F.2d 423, 426–27 (8th Cir.

The court, however, distinguished these cases:

> In those cases, ... despite the presence of a substantial constitutional claim, the trial court had elected to dispose of the case on the statutory or nonconstitutional grounds of the pendent claim rather than address the constitutional question. Concededly, the legislative history of [section 1988] supports the award of fees in such circumstances where the trial court has declined to pass upon the constitutional claim. H.R.Rep. No. 95–1558, 94th Cong., 2d Sess. 4 n. 7 (1976). However, we find nothing in the statute, the legislative history, or decisions on the subject which would require or justify an award of attorney's fees in a case where the plaintiff has lost on the constitutional issue after a plenary trial. Accordingly, the denial of fees in this case [is] proper.

*Haywood, supra.*

Cases which have awarded attorney's fees under section 1988 on a pendent claim hold true to the distinction relied on by the *Haywood* court. *See Williams v. Thomas,* 692 F.2d 1032, 1036 (5th Cir.1982); *Robert M. v. Benton,* 671 F.2d 1104, 1105–06 (8th Cir.1982); *Lund v. Affleck,* 587 F.2d 75, 76–77 (1st Cir.1978); *Kimbrough v. Arkansas Activities Assoc.,* 574 F.2d 423, 426–27 (8th Cir.1978); *Seals v. Quarterly County Court,* 562 F.2d 390, 391, 392–94 (6th Cir. 1977); *Allen v. Housing Authority,* 563 F.Supp. 108, 110 (E.D.Pa.1983); *but cf. Milwe v. Caruoto,* 653 F.2d 80, 84 (2d Cir. 1981) (finding of liability on pendent state law claim could be a sufficient ground to justify an award under" section 1988) (dicta). Moreover, several courts have adopted the *Haywood* analysis. *See Russo v. State of New York,* 672 F.2d 1014, 1022–23 (2d Cir.1982); *Reel v. Arkansas Dept. of Corrections,* 672 F.2d 693, 697–99 (8th Cir. 1982); *Luria Brothers & Co. v. Allen,* 672

F.2d 347, 356–58 (3d Cir.1982); *Bunting v. City of Columbia,* 639 F.2d 1090, 1095 (4th Cir.1981). Also, the *Haywood* court appears to have properly interpreted the legislative history accompanying section 1988.[10]

The holding in *Haywood,* however, runs contrary to the fact that courts "have taken an extremely liberal view on nearly every interpretative question that has arisen thus far under section 1988...." *Gates v. Collier,* 616 F.2d 1268, 1275 (5th Cir.1980). Further, the *Haywood* decision does not appear to strike the most appropriate balance between the "goal of encouraging suits to vindicate constitutional rights without undermining the well-established judicial policy of avoiding unnecessary decisions [on] important constitutional issues." *Maher, supra,* 448 U.S. at 133, 100 S.Ct. at 2577.[11] Also, the purpose of section 1988 is to ensure " 'effective access to the judicial process for persons' with *civil rights grievances* " *Hensley, supra,* at ——, 103 S.Ct. at 1937 (citing H.R.Rep. No. 94–1558 at 1 (1976)) (emphasis added), and a party with a substantial constitutional claim would appear to have a "civil rights grievance."

Nevertheless, Congress appears to have limited the award of attorney's fees to cases in which a court chooses to avoid deciding a constitutional claim, and this determination is one which the courts should be hesitant to overrule. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 262, 269, 95 S.Ct. 1612, 1624, 1627, 44 L.Ed.2d 141 (1975).

ACCORDINGLY, the plaintiff's motion for attorney's fees is DENIED.

---

1978), and *Seals v. Quarterly County Court,* 562 F.2d 390, 392–94 (6th Cir.1977).

**10.** See text accompanying notes 3–4 *supra.*

**11.** To the extent an attorney cannot recover attorney's fees for a civil rights claim that is

substantial, although non-meritorious in the mind of a jury, he will not be "encouraged" to bring such a claim. Furthermore, once a court submits a constitutional question to a jury, the issue of avoidance of unnecessary constitutional decisions becomes moot.