# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3647

_____

St. Louis Effort for AIDS; Planned Parenthood of the St. Louis Region and
Southwest Missouri

*Plaintiffs - Appellants*

Consumers Council of Missouri; Dr. William Fogarty; Dr. Wayne Letizia;
Missouri Jobs With Justice; Jeanette Mott Oxford; Chris Worth

*Plaintiffs*

v.

Director Chlora Lindley-Myers, in her official capacity as Director of the Missouri
Department of Insurance, Financial Institutions, and Professional Registration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: September 21, 2017
Filed: December 18, 2017

_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

St. Louis Effort for AIDS and Planned Parenthood of the St. Louis Region and Southwest Missouri sued to enjoin the Health Insurance Marketplace Innovation Act of 2013 (HIMIA), §§ 376.2000-376.2014 RSMo Supp. 2013. The district court granted summary judgment to Effort for AIDS but denied attorney's fees under 42 U.S.C. § 1988(b). Effort for AIDS appeals this denial. Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

I.

Effort for AIDS challenged many provisions of the HIMIA on preemption, due process, and First Amendment grounds. The district court granted a preliminary injunction based on the preemption claims. *St. Louis Effort for AIDS v. Huff*, 996 F. Supp. 2d 798, 810 (W.D. Mo. 2014). On appeal, this court affirmed in part. *See* 782 F.3d 1016, 1028 (8th Cir. 2015). On remand, the district court granted summary judgment to Effort for AIDS, finding preemption of three provisions. *See* 170 F. Supp. 3d 1219, 1226 (W.D. Mo. 2016). On these three provisions, Effort for AIDS claimed (1) preemption and (2) violation of the First Amendment. In all the decisions, the courts did not address the First Amendment claim (except for this court's comment on a provision not invalidated). *See* 782 F.3d at 1027-28.

Effort for AIDS sought attorney's fees under 42 U.S.C. § 1988(b): "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee . . . ."

Effort for AIDS's First Amendment claim could be fee-generating, that is, success on it could be the basis for attorney's fees under § 1988(b). But preemption claims—the sole prevailing legal theory—are not fee-generating, because § 1983 does not provide a remedy for Supremacy Clause violations. *See Armstrong v. Exceptional Child Center, Inc.*, 135 S. Ct. 1378, 1383 (2015) ("[T]he Supremacy

Clause is not the source of any federal rights . . . .” (internal quotation marks omitted)).

According to the district court, fees could be awarded if: (1) the First Amendment claims are substantial, and (2) the First Amendment and preemption claims arise from a common nucleus of operative fact. The district court found the first condition—not disputed on appeal—but not the second. According to the district court, although the claims challenged the same HIMIA provisions, the legal theories involved different considerations and did not arise from a common nucleus of operative fact.

This court reviews de novo the legal issue whether § 1988(b) authorizes a grant of attorney’s fees. *See **Phelps-Roper v. Koster***, 815 F.3d 393, 398 (8th Cir. 2016).

## II.

The “basic point of reference when considering the award of attorney’s fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney’s fees, win or lose, unless a statute or contract provides otherwise.” **Baker Botts LLP v. ASARCO LLC**, 135 S. Ct. 2158, 2164 (2015), *quoting* **Hardt v. Reliance Standard Life Ins. Co.**, 560 U.S. 242, 252–53 (2010). A litigant seeking fees under statute must show “explicit statutory authority.” **Baker Botts**, 135 S. Ct. at 2164, *quoting* **Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep’t of Health & Human Res.**, 532 U.S. 598, 602 (2001).

“For private actions brought under 42 U.S.C. § 1983 and other specified measures designed to secure civil rights,” Congress established § 1988(b) as “an exception to the ‘American Rule’ . . . .” **Sole v. Wyner**, 551 U.S. 74, 77 (2007). Section 1988(b)’s authority for fees in § 1983 cases is not “extinguished” if the court decides the case on alternative, non-fee-generating grounds. **Smith v. Robinson**, 468

U.S. 992, 1006 (1984), *citing* **Maher v. Gagne**, 448 U.S. 122, 132 (1980) ("Congress was acting within its enforcement power in allowing the award of fees in a case in which the plaintiff prevails on a wholly statutory, non-civil-rights claim pendent to a substantial constitutional claim . . . .").

"The legislative history makes it clear that Congress intended fees to be awarded where a pendent constitutional claim is involved, even if the statutory claim on which the plaintiff prevailed is one for which fees cannot be awarded under the Act." *Maher*, 448 U.S. at 132 n.15. The Court in *Maher* quoted a footnote in a House committee report:

> To the extent a plaintiff joins a claim under one of the statutes enumerated in H.R. 15460 with a claim that does not allow attorney fees, that plaintiff, if it prevails on the non-fee claim, is entitled to a determination on the other claim for the purpose of awarding counsel fees. *Morales v. Haines*, 486 F.2d 880 (7th Cir. 1973). In some instances, however, the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the non-constitutional claim is dispositive. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1342, 39 L.Ed.2d 577 (1974). In such cases, if the claim for which fees may be awarded meets the 'substantiality' test, see *Hagans v. Lavine*, *supra*; *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), attorney's fees may be allowed even though the court declines to enter judgment for the plaintiff on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a 'common nucleus of operative fact.' *United Mine Workers v. Gibbs*, *supra*, at 725, 86 S.Ct., at 1138.

*Id.*, *quoting* **H.R.Rep. No. 94–1558**, p. 4, n.7 (1976).

This court has distilled a two-part test: (1) the potential fee-generating claim must be substantial, and (2) it and the successful claim must arise from a common nucleus of operative fact. ***Rogers Group, Inc. v. City of Fayetteville, Arkansas***, 683 F.3d 903, 911-13 (8th Cir. 2012), *citing **Kimbrough v. Arkansas Activities Ass'n***, 574 F.2d 423, 426 (8th Cir. 1978).

At issue is the second condition. Effort for AIDS argues that the claims arise from a common nucleus of operative fact—Missouri's passage of the HIMIA. The State counters that under *Smith*, this is not enough, because the claims are not reasonably related.

III.

This court's decision in *Rogers Group* controls. The plaintiff there challenged a city ordinance on state law and due process grounds. ***Rogers Grp.***, 683 F.3d at 905. This court held that the common nucleus requirement was met:

> Rogers Group's claim that the City lacked authority under Arkansas law to regulate the Quarry—Count I—arises from the same "common nucleus of operative fact" as its federal constitutional claims. That is, all the claims concern the City's passage of an ordinance regulating rock quarries, including Rogers Group's Quarry.

***Id.*** at 913.

The same is true here. Effort for AIDS's claims all arise from Missouri's passage of the HIMIA regulating Effort for AIDS. The common nucleus requirement is met.

True, *Smith* requires that "a claim for which fees are awarded be reasonably related to the plaintiff's ultimate success." ***Smith***, 468 U.S. at 1007. In *Smith*, the

Court concluded that "where, as here, petitioners have presented distinctly different claims for different relief, based on different facts and legal theories, and have prevailed only on a nonfee claim, they are not entitled to a fee award simply because the other claim was a constitutional claim that could be asserted through § 1983." *Id.* at 1015.

*Smith*'s reasonable relationship requirement is met where unaddressed and successful claims seek the same relief and arise from a common nucleus of operative fact. *See **Scurlock v. City of Lynn Haven***, 858 F.2d 1521, 1528 (11th Cir. 1988) ("[C]laims are 'reasonably related' if they are aimed at achieving the same result based on the same facts or legal theories."); ***Seaway Drive-in, Inc. v. Township of Clay***, 791 F.2d 447, 455 (6th Cir. 1986) (claims are reasonably related if they constitute "a single request for relief based on alternative legal theories" and "arose out of a common nucleus of operative fact"). *Cf.* ***Wisconsin Hosp. Ass'n v. Reivitz***, 820 F.2d 863, 869 (7th Cir. 1987) (fees are available under *Smith* if "the plaintiff has a substantial constitutional ground, but prevails on an alternative nonconstitutional ground . . . provided the grounds are closely related factually" (internal citations omitted)); ***Rose v. State of Nebraska***, 748 F.2d 1258, 1263-64 (8th Cir. 1984) (distinguishing *Smith* because "Rose's due-process claim was squarely based on the same set of facts as to which he prevailed"). *But cf.* ***Giovanni Carandola, Ltd. v. City of Greensboro***, 258 Fed. Appx. 512, 517-18 (4th Cir. 2007) (unpublished) (claims not reasonably related where the "legal issues were not tightly intertwined," as demonstrated by the plaintiff's motion for summary judgment solely on the non-fee-generating claim).

In this case, as in *Rogers Group*, the plaintiffs sought the same relief under alternative legal theories. The legal theories arise from a common nucleus of operative fact. The claims are thus reasonably related under *Smith*.

\* \* \* \* \* \* \*

-6-

The judgment is reversed, and the case remanded for proceedings consistent with this opinion.

_____