# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4186

_____

State of North Dakota; Industrial Commission of North Dakota; Lignite Energy Council; Basin Electric Power Cooperative; The North American Coal Corporation; Great Northern Properties Limited Partnership; Missouri Basin Municipal Power Agency, doing business as Missouri River Energy Services; Minnkota Power Cooperative, Inc.,

*Plaintiffs - Appellees*,

v.

Nancy Lange, Commissioner and Chair, Minnesota Public Utilities Commission; John Tuma, Commissioner, Minnesota Public Utilities Commission; Dan M. Lipschultz, Commissioner and Vice Chair, Minnesota Public Utilities Commission; Katie Sieben, Commissioner, Minnesota Public Utilities Commission; Matthew Schuerger, Commissioner, Minnesota Public Utilities Commission; Jessica Looman, Commissioner, Minnesota Department of Commerce,[1] each in his or her official capacity,

*Defendants - Appellants*.

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

---

[1]Appellant Looman is automatically substituted for her predecessor under Federal Rule of Appellate Procedure 43(c)(2).

Submitted: October 18, 2017
Filed: August 14, 2018
[Published]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.[*]

_____

PER CURIAM.

This appeal concerns an award of attorney's fees. In a previous appeal, this court held that portions of Minnesota's Next Generation Energy Act were unconstitutional. *North Dakota v. Heydinger*, 825 F.3d 912 (8th Cir. 2016). On remand, the district court[2] determined that the plaintiffs were entitled to attorney's fees and awarded them $1,310,088 in fees and costs. *North Dakota v. Heydinger*, No. 11-cv-3232, 2016 WL 5661926, at *28 (D. Minn. Sept. 29, 2016). The State of Minnesota, through its officers, appeals the award.

After the death of one judge on the panel, the remaining two judges have determined the matter under Eighth Circuit Rule 47E. There is no opinion for the panel, but the district court's order is affirmed. Judge Colloton's views are set forth in a concurring opinion. Judge Loken concurs in the result.

_____

[*]Judge Murphy died on May 16, 2018, and thus did not participate in the final decision on this appeal.

[2]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

COLLOTON, Circuit Judge, concurring.

In 2007, Minnesota adopted the Next Generation Energy Act, a statute designed in part to regulate "greenhouse gas emissions and renewable energy standards." Ch. 136, 2007 Minn. Laws 1359, 1359. The Act required, in relevant part, that "no person shall . . . (2) import or commit to import from outside the state power from a new large energy facility that would contribute to statewide power sector carbon dioxide emissions; or (3) enter into a new long-term power purchase agreement that would increase statewide power sector carbon dioxide emissions." Minn. Stat. § 216H.03, subdiv. 3(2)-(3) (2016).[3]

Several parties—including the State of North Dakota, the Industrial Commission of North Dakota, and a number of private energy companies and cooperatives—sued to enjoin Minnesota from enforcing the Act. These plaintiffs brought a claim under 42 U.S.C. § 1983, asserting that enforcement of the Act would violate the "dormant" Commerce Clause. They claimed alternatively that the Minnesota Act was preempted by both the Federal Power Act and the Clean Air Act. The district court concluded that the Act violated the dormant Commerce Clause and enjoined enforcement of the statute. *North Dakota v. Heydinger*, 15 F. Supp. 3d 891, 919 (D. Minn. 2014).

On appeal, a three-judge panel of this court affirmed the district court's injunction, but divided over the rationale. Two judges concluded that the Minnesota Act was preempted (each relying on a different federal statute), and one judge concluded that the state statute violated the dormant Commerce Clause. *Heydinger*, 825 F.3d 912. This court then remanded to the district court to determine whether the plaintiffs were entitled to attorney's fees.

_____

[3]The Minnesota legislature removed this language from the Act last year. *See* Act of May 30, 2017, ch. 94, art. 10, § 24, 2017 Minn. Laws 746, 897.

The district court determined that the North Dakota state plaintiffs were "persons" eligible for an attorney's fees award, that the private plaintiffs could recover attorney's fees regardless of the state plaintiffs' eligibility, and that there were no "special circumstances" barring a fee award. *Heydinger*, 2016 WL 5661926, at *6-15. The court then awarded $1,310,088 in attorney's fees and costs. *Id.* at *28.

Minnesota appeals the district court's determination that the plaintiffs are entitled to attorney's fees and, alternatively, the amount of the fee award. This court reviews the legal issues *de novo* and the amount of the award for abuse of discretion. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1159 (8th Cir. 2014).

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). Under this "American Rule," federal courts follow "'a general practice of not awarding fees to a prevailing party absent explicit statutory authority.'" *Id.* (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)).

One source of statutory authority to award attorney's fees is 42 U.S.C. § 1988. That statute provides: "In any action or proceeding to enforce a provision of [§ 1983] . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." § 1988(b). In this case, one claim of the plaintiffs—the dormant Commerce Clause challenge—arose under § 1983, *Dennis v. Higgins*, 498 U.S. 439, 451 (1991), but the two preemption claims based on the Supremacy Clause did not. *See Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 107-08 (1989). Success on a preemption claim, when brought by itself, thus cannot serve as the basis for a fee award under § 1988.

-4-

Because a majority of the three-judge panel affirmed the district court's injunction based on non-fee-generating preemption claims, Minnesota contends that the plaintiffs are ineligible for a fee award under § 1988. Generally speaking, to qualify as a prevailing party under § 1988, a civil rights plaintiff proceeding under § 1983 "must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). But there is an exception to the general rule when a court applies the doctrine of constitutional avoidance and holds for the plaintiff on a non-fee-generating claim. *See Maher v. Gagne*, 448 U.S. 122, 132 & n.15 (1980). Under that exception, plaintiffs may still recover fees if (1) plaintiffs' fee-generating claim was substantial, (2) the fee-generating and non-fee-generating claims arose from a common nucleus of operative fact, and (3) the court avoided resolution of the fee-generating claim under the doctrine of constitutional avoidance. *Id.*; *Rogers Grp., Inc. v. City of Fayetteville*, 683 F.3d 903, 911-12 (8th Cir. 2012).

The plaintiffs here satisfy the three requirements. First, the plaintiffs' dormant Commerce Clause claim was not insubstantial. In this context, the Supreme Court has defined "substantial" by reference to the test for assumption of subject-matter jurisdiction over a constitutional claim. *Maher*, 448 U.S. at 132 n.15. Under that analysis, "[a] claim is insubstantial only if 'its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.'" *Hagans v. Lavine*, 415 U.S. 528, 538 (1974) (quoting *Ex parte Poresky*, 290 U.S. 30, 32 (1933)). In other words, "constitutional insubstantiality" for this purpose means "obviously frivolous." *Id.* at 537. The plaintiffs' fee-generating dormant Commerce Clause claim prevailed with the district court and with one judge of this court; the claim was "substantial" under the governing definition.

Second, the dormant Commerce Clause claim and preemption claims arose from a common nucleus of operative fact. The claims all challenged the validity of the same portion of the Minnesota Act, and the plaintiffs would "ordinarily be

-5-

expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Third, it is fair to say that the doctrine of constitutional avoidance led this court to avoid resolving the Commerce Clause claim. One judge found the constitutional claim meritorious, *Heydinger*, 825 F.3d at 922 (opinion of Loken, J.), and a second judge invoked the doctrine of constitutional avoidance in concluding that the plaintiffs should prevail on a preemption theory instead. *See id.* at 927 (Colloton, J., concurring in the judgment). Under those circumstances, Minnesota does not dispute that the fee-generating constitutional claim was "reasonably related" to the plaintiffs' ultimate success. *See Smith v. Robinson*, 468 U.S. 992, 1007 (1984); *St. Louis Effort for AIDS v. Lindley-Myers*, 877 F.3d 1069, 1073 (8th Cir. 2017). Under the exception recognized in *Maher*, therefore, the plaintiffs may recover attorney's fees under § 1988 even though they ultimately prevailed on a non-fee-generating preemption claim.

Minnesota responds that even if constitutional avoidance would allow for an award of attorney's fees, the North Dakota state plaintiffs are not eligible as "persons" under § 1983 to recover fees. But it is unnecessary to address whether the state plaintiffs are eligible if the private plaintiffs are entitled to the fee award, so it is appropriate to consider the private plaintiffs first.

Minnesota argues that even if the private plaintiffs are eligible to receive fees under § 1988, there are "special circumstances" that make an award inappropriate. An eligible party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968). Minnesota contends that the private plaintiffs should not recover fees because the State of North Dakota bore the entire cost of litigation, and it would be unjust to award fees to private plaintiffs who were "free riding" through the lawsuit. The district court, however, found that "'Plaintiffs' (plural)

-6-

retained [the law firm] to represent them, were issued invoices, and paid the invoices." *Heydinger*, 2016 WL 5661926, at *7.

Although the plaintiffs could have made a better record to simplify this issue, the district court's finding that the private plaintiffs received representation and paid some of the attorney's fees is not clearly erroneous. The limited information provided by the plaintiffs supports a reasonable inference that North Dakota and the private plaintiffs divided litigation expenses, and that retained counsel represented the interests of the private plaintiffs as citizens of North Dakota. The private plaintiffs also played a material role in the litigation, for it was their participation that established standing and served as the basis for plaintiffs' successful motion for summary judgment. *Id.* at *6 n.7. The asserted "special circumstance" is therefore not present, and it is unnecessary to address whether a party may recover fees when the party contributes nothing substantial to the lawsuit and a co-plaintiff bears the entire cost of litigation. *Cf. U.S. Dep't of Labor v. Rapid Robert's Inc.*, 130 F.3d 345, 348 (8th Cir. 1997); *McLean v. Ark. Bd. of Educ.*, 723 F.2d 45, 47-49 (8th Cir. 1983).

Minnesota also complains that a fee award is unjust because the lawsuit challenged an interpretation of the Minnesota Act that the State had "disavowed." But this court concluded that Minnesota's proposed interpretation of the Act would not resolve the dispute, either because it was not a plausible limiting interpretation, *Heydinger*, 825 F.3d at 920-21 (opinion of Loken, J.), or because even Minnesota's "narrower" interpretation failed to avoid preemption. *Id.* at 927-28 (Colloton, J., concurring in the judgment). Minnesota also asserts that a fee award is inappropriate in what is essentially a lawsuit between two States. Whatever the merit of that position, the involvement of the private plaintiffs in this case defeats the premise. And because the private plaintiffs are entitled to a fee award, it is unnecessary to address whether the state plaintiffs are eligible as "persons" under § 1983.

The amount of the district court's fee award was not an abuse of discretion. "The starting point in determining an attorneys' fee award under § 1988 is the lodestar, which is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates." *Snider*, 752 F.3d at 1159. The number of hours reasonably expended does not include "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The district court sufficiently scrutinized plaintiffs' fee request to determine the appropriate number of hours reasonably expended. The court set forth detailed analysis that addressed each of Minnesota's objections, agreeing with some and disagreeing with others. The district court's itemized decisions were not unreasonable. The court also did not abuse its discretion by refusing to order the plaintiffs to produce their engagement agreement, because the relevant terms and facts of payment were described adequately in the plaintiffs' affidavits. *See Heydinger*, 2016 WL 5661926, at *17 n.14. Finally, the district court permissibly awarded fees for hours spent on the unresolved dormant Commerce Clause claim, because that claim was not insubstantial and was reasonably related to the preemption claim on which the plaintiffs ultimately prevailed.

LOKEN, Circuit Judge, concurs in the result.

_____