## MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY *v.* FERRIS.

ERROR TO THE COURT OF CIVIL APPEALS FOR THE THIRD SUPREME
JUDICIAL DISTRICT OF THE STATE OF TEXAS.

No. 349. Submitted December 3, 1900.—Decided December 24, 1900.

The final ruling of the state court at the trial of this case being based upon a state of facts which put the state statute in question entirely out of the case, no Federal question remained for the consideration of this court.

THIS was an action commenced in the District Court of Bastrop County, Texas, on January 31, 1899, by the defendants in error, as plaintiffs, to recover damages sustained by the death of their father, charged to have been occasioned through the negligence of the railway company. Judgment having been rendered in favor of the plaintiffs, it was taken on appeal to the Court of Civil Appeals for the Third Supreme Judicial District of the State of Texas, and by that court affirmed. An application to the Supreme Court of the State for a writ of error having been denied, this writ of error was sued out.

The case presents these facts : An act of the legislature of the State of Texas, passed February 5, 1858, appearing in chapter 3, title 40, Revised Statutes of 1895, in the following sections reads :

" ARTICLE 2293. Either party to a suit may examine the opposing party as a witness, upon interrogatories filed in the cause, and shall have the same process to obtain his testimony as in the case of any other witness, and his examination shall be conducted, and his testimony received, in the same manner and according to the same rules which apply in the case of any other witness, subject to the provisions of the succeeding articles of this chapter.

" ARTICLE 2294. It shall not be necessary to give notice of the filing of the interrogatories or to serve a copy thereof on the adverse party, before a commission shall issue to take the answers thereto, nor shall it be any objection to the interrogatories that they are leading in their character.

"Article 2295. A commission to take the answers of the party to the interrogatories filed shall be issued by the clerk or justice, and shall be executed and returned by any authorized officer as in other cases."

"Article 2297. If the party interrogated refuses to answer the officer executing the commission shall certify such refusal, and any interrogatory which the party refuses to answer, or which he answers evasively, shall be taken as confessed."

On April 22, 1897, this amendment was made:

"Where either party to any suit is a corporation, neither party thereto shall be permitted to take *ex parte* depositions." Texas General Laws, 1897, p. 117.

Prior to the trial an effort was made to take the testimony of two of the plaintiffs, Sam Ferris and Frank Ferris, the one 14 years of age and the other 12 years of age. Interrogatories were prepared by the defendant, and the clerk of the court was designated as the officer to take the depositions. On the trial he testified in substance that he went to the place where the boys were living with their uncle; that the uncle refused to permit them to be questioned, though neither of the boys was asked any question or declined to answer any interrogatory. He further testifies that the uncle "told me that he had seen no attorney; . . . that he would bring the boys to town that afternoon to see their attorneys, and then if there was no objection Judge Garwood (counsel for defendant) could ask them what he wanted to."

The trial court overruled the motion of defendant to take the interrogatories confessed as against the two plaintiffs. The defendants in error in this court moved to dismiss the writ of error or to affirm the judgment.

*Mr. J. W. Parker* for the motion.

*Mr. H. M. Garwood* opposing.

Mr. Justice Brewer delivered the opinion of the court.

This case is before us on a motion to dismiss or affirm. The

parties being citizens of the same State, the jurisdiction of this court is invoked on the alleged ground of a Federal question. It is contended that the amendment of April 22, 1897, which takes away in cases in which a corporation is a party on either side the right to preliminary *ex parte* depositions, is in conflict with the Fourteenth Amendment to the Federal Constitution, inasmuch as it is unwarranted class legislation, and denies the equal protection of the laws.

If we examine the opinion of the Court of Civil Appeals, or the proceedings in the Supreme Court of the State, we find no reference to that question. It either was not called to the attention of those tribunals or was unnoticed by them. Turning to the record of the trial in the District Court it appears that when the interrogatories were presented, together with the certificate of the clerk that the two plaintiffs named had refused to answer, the court ruled that the act of April 22, 1897, was constitutional; that, therefore, the defendant had no right to present such interrogatories, and overruled its motion that they be taken as confessed; and that the defendant excepted upon the ground of a conflict between such statute and the Fourteenth Amendment. It further appears that thereupon the plaintiffs asked permission to introduce testimony in respect to such refusal, and the testimony being produced, it was disclosed that the only refusal was that of the uncle; that the boys not only did not decline to answer, but were not even asked any of the interrogatories; and that the uncle declared that he would take the boys to town that afternoon to consult attorneys, and then, if there was no objection, the defendant's counsel might ask them what he wished. Upon this testimony the court again overruled the motion of the defendant to take the interrogatories as confessed.

While the court, in the first instance, expressed an opinion that the act of 1897 was constitutional, yet its final ruling was based upon the disclosure made by the testimony. That disclosure was of facts which, under the original statute and irrespective of the amendment of 1897, did not, according to the rulings of the Supreme Court of the State, entitle the defendant to have the interrogatories taken as confessed: In *Wofford* v.

*Farmer*, 90 Texas, 651, it appeared that the notary acting for the defendants, without having given any previous notice, came to the plaintiff and demanded that he should answer the interrogatories; that the plaintiff refused to answer, assigning as a reason that he wished to see his attorneys, and that it was necessary that he should examine some papers before giving his answers. The Supreme Court sustained the action of the trial court in declining to hold the interrogatories taken as confessed, saying (p. 654):

"The statute gives a party to whom interrogatories are propounded by his adversary the right 'in answer to the questions propounded to state any matter connected with the cause and pertinent to the issue to be tried.' Rev. Stat. art. 2296. Consultation with his counsel is necessary to a judicious exercise of this right. The privilege given by the statute to a party to a suit to propound interrogatories to the opposite party for the purpose of discovering evidence is an important one; but in our opinion was not given for the purpose of entrapping his adversary, and hence the latter should not be denied the right of consultation with his attorney. A refusal to answer without giving a reasonable time for such consultation should not be deemed contumacious, and a certificate made under such circumstances should, upon a proper motion, supported by proof of the facts, be suppressed. *Bounds* v. *Little*, 75 Texas, 316; *Robertson* v. *Melasky*, 84 Texas, 559."

The cases cited in this quotation go to sustain the proposition that the refusal of the party to answer must be willful and contumacious. Such being the construction placed by the Supreme Court of the State upon the statute, the trial court properly held that the certificate of the officer to the refusal of the plaintiffs was not conclusive, and that upon the facts as disclosed, the interrogatories should not be taken as confessed. Now, whatever may have been the opinion of the trial court as to the validity of the act of 1897, no matter what may have been said in the progress of the trial in respect to its validity, if the final ruling was based upon a state of facts which put the act entirely out of the case, it cannot be that we are called upon to consider any expression of opinion concerning it, for such expression

was not necessary for the decision.    Moot questions require no answer.

This being the only matter suggested, and it appearing that the Federal question stated in the record calls for no decision, judgment is

*Affirmed.*