**Dr. Karl H. PLOTT, D.C.,
Plaintiff–Appellee,**

**John Doe, Plaintiff,**

**v.**

**Dr. J. Eric GRIFFITHS, D.C.; Dr. William Dold, D.C.; Dr. Richard Ratliff, D.C.; Dr. Melanie Tiahrt, D.C.; Celeste C De Baca, Defendants–Appellants.**

**Karl H. PLOTT, D.C.,
Plaintiff–Appellant,**

**John Doe, Plaintiff,**

**v.**

**Dr. J. Eric GRIFFITHS, D.C.; Dr. William Dold, D.C.; Dr. Richard Ratliff, D.C.; Dr. Melanie Tiahrt, D.C.; Celeste C De Baca, Defendants–Appellees.**

**Nos. 90–1200, 90–1294.**

United States Court of Appeals,
Tenth Circuit.

July 1, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Linda K. Baker, First Asst. Atty. Gen., Regulatory Law Section, Denver, Colo., for defendants-appellants and defendants-appellees.

F. Kelly Smith, Denver, Colo., Roger W. Calton & Associates, Laguna Nigel, Cal., for plaintiff-appellee and plaintiff-appellant.

Before McKAY, SETH and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Defendants, individual members of the Colorado State Board of Chiropractic Examiners (Board), appeal an order of the district court enjoining them from enforcing or threatening to enforce Colo.Rev. Stat. § 12–33–117(2)(i) (1985) to prohibit plaintiff, Dr. Karl H. Plott, a licensed chiropractor, from employing third persons to use telemarketing to advertise his services. Dr. Plott appeals the district court's denial of attorney's fees under 42 U.S.C. § 1988

(1988). We affirm on the merits and reverse on the attorney's fees issue.[1]

In August 1988, the Board received a written complaint alleging that Dr. Plott improperly arranged for a woman to telephone prospective patients on Dr. Plott's behalf to offer them a free spinal examination. The Board referred the complaint to the Complaints and Investigations Section of the Colorado Department of Regulatory Agencies, Division of Registrations, for investigation. In response to written questions from the investigator, Dr. Plott admitted paying telemarketers to call people selected from the telephone book to offer them free spinal examinations. After reviewing the investigation report, the Board referred the case to the Colorado Attorney General's Office for prosecution for unprofessional conduct under Colo.Rev.Stat. § 12–33–117(1)(b), due to alleged violation of Colo.Rev.Stat. § 12–33–117(2)(i).[2]

Dr. Plott then commenced this action under 42 U.S.C. § 1983 alleging that section 12–33–117(2)(i) on its face is in violation of his first and fourteenth amendment rights to free speech. Dr. Plott also alleged the statute as applied violates his fifth and fourteenth amendment rights to equal protection, because the statute creates a system of classification among licensed health care professionals which discriminates against chiropractors by prohibiting them from using advertising or marketing services permitted other health care professionals. To remedy the alleged constitutional violations, Dr. Plott sought (1) declarations that section 12–33–117(2)(i) is null and void on its face or as applied and that Dr. Plott's use of telemarketing is constitutionally protected, and (2) an injunction prohibiting the Board from proceeding with any further action against him for his telemarketing of chiropractic services.

In his memorandum in support of his motion for a preliminary injunction, Dr. Plott additionally contended that the Board had misconstrued the statute, which he argued does not preclude him from using telemarketing to advertise his services. Without reaching the merits of the constitutional issues, the district court disposed of the case on the state statutory construction grounds. The court held that when the statute was enacted it did not apply to telemarketing; rather its purpose was to prohibit fee-splitting. The court ruled that section 12–33–117(2)(i) does not prohibit a chiropractor from paying third parties to engage in telephone solicitation of patients, and that Dr. Plott was therefore not prohibited from employing third parties to engage in honest, truthful advertising to market his services. Accordingly, the court enjoined the Board from enforcing the statute to prohibit Dr. Plott's use of telemarketing. However, the court declined to award attorney's fees to Dr. Plott under section 1988.

## I.

In its appeal, the Board argues (1) the district court incorrectly determined that section 12–33–117(2)(i) does not apply to telephone solicitation and therefore improperly restrained the enforcement activities of the Board, and (2) the statute is constitutional. Because we affirm the district court's construction of the statute, we need not reach the constitutional issue.

 A federal court may exercise pendent jurisdiction over a state law claim

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

**2.** Section 12–33–117(2)(i) provides:
(2) For the purpose of this article, any one of the following acts by a licensed chiropractor is declared to constitute unprofessional conduct:

. . . .
(i) Either directly or indirectly paying or compensating or agreeing to pay or compensate any person, firm, association, or corporation for sending or bringing any patient or any person to such licentiate for examination or treatment, for recommending such licentiate to any person, or for being instrumental in causing any other licentiate to rebate fees on a referral basis.

when the federal claim is of sufficient substance to support federal jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). A federal claim is insubstantial only if it is "obviously without merit or is wholly frivolous," or "is clearly foreclosed by prior decisions of the Supreme Court." 13B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3564, at 68–70 (2d ed.1984); *see also Hagans v. Lavine*, 415 U.S. 528, 536–39, 94 S.Ct. 1372, 1378–80, 39 L.Ed.2d 577 (1974); *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). When a substantial federal question regarding the constitutionality of a state statute is alleged, therefore, the district court has jurisdiction to decide all state questions in the case, even if the court decides the case on the basis of state law only. *Louisville & N. R.R. v. Garrett*, 231 U.S. 298, 303, 34 S.Ct. 48, 50, 58 L.Ed. 229 (1913); *Siler v. Louisville & N. R.R.*, 213 U.S. 175, 191, 29 S.Ct. 451, 454, 53 L.Ed. 753 (1909). Where a case "can be decided without reference to questions arising under the Federal Constitution, that course is usually pursued and is not departed from without important reasons." *Siler*, 213 U.S. at 193, 29 S.Ct. at 455; *accord Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 236, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984) ("unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided"); *Hagans*, 415 U.S. at 546, 94 S.Ct. at 1383–84 (courts deal first with possibly dispositive state law claims pendent to federal constitutional claims); *City of Cincinnati v. Vester*, 281 U.S. 439, 448–49, 50 S.Ct. 360, 363, 74 L.Ed. 950 (1930) (court will not decide important constitutional questions unnecessarily or hypothetically).

■ In this case, Dr. Plott raised a federal constitutional question that was sufficient to invoke federal jurisdiction, and the district court appropriately addressed the statutory construction issue first. With respect to the statute, the court concluded that

"the statute, when enacted, did not prohibit chiropractors from hiring telemark-eters, nor did the legislature intend such a prohibition. Indeed it is clear from the words of the statute that it was aimed at fee-splitting. Since the Board has cited no valid Colorado statute, regulation or rule prohibiting a chiropractor from hiring telemarketers, I conclude that there is none. Further, I conclude that Plott has not violated Colo.Rev.Stat. 12–33–117(2)(i)."

Rec., vol. I, doc. 7 at 5. After reviewing the record and considering the issue, we affirm the district court's construction of the statute.

## II.

■ Dr. Plott argues in his cross-appeal that he is entitled to attorney's fees because he was the prevailing party in the district court within the meaning of 42 U.S.C. § 1988. Section 1988 provides for an award of attorney's fees for plaintiffs who prevail in actions to enforce civil rights violations. Although Dr. Plott prevailed in the district court, it was not necessary to decide his constitutional claims. Therefore, we must decide whether a plaintiff who obtains relief on state statutory rather than federal constitutional grounds is a prevailing party entitled to attorney's fees under section 1988.

In *Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), the Supreme Court noted that a plaintiff who prevails on a claim not covered by section 1988 may nevertheless receive an award of attorney's fees under that section in the following circumstances:

"In some instances, ... the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the non-constitutional claim is dispositive. *Hagans v. Lavine*, 415 U.S. 528 [94 S.Ct. 1372, 39 L.Ed.2d 577] (1974). In such cases, if the claim for which fees may be awarded meets the 'substantiality' test, *see Hagans v. Lavine, supra; United Mine Workers v. Gibbs*, 383 U.S. 715 [86 S.Ct. 1130, 16 L.Ed.2d 218] (1966), attorney's fees may be allowed even though the court declines to enter judgment for the plaintiff

on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a 'common nucleus of operative fact.' *United Mine Workers v. Gibbs, supra,* at 725 [86 S.Ct. at 1138]."

*Id.* at 133 n. 15, 100 S.Ct. at 2576 n. 15.

 Federal appellate courts confronted with analogous cases involving constitutional and state law claims have held that, under *Maher,* when a plaintiff raises both a substantial constitutional claim and a pendent state law claim which is closely factually related, and the plaintiff prevails on the state claim, he is entitled to an award of attorney's fees under section 1988 even though the district court does not address the constitutional claim. *See Seaway Drive-In, Inc. v. Township of Clay,* 791 F.2d 447 (6th Cir.), *cert. denied,* 479 U.S. 884, 107 S.Ct. 274, 93 L.Ed.2d 251 (1986); *McDonald v. Doe,* 748 F.2d 1055, 1056–57 (5th Cir.1984); *see also Wisconsin Hosp. Ass'n v. Reivitz,* 820 F.2d 863, 869 (7th Cir.1987). For attorney's fees to be awarded, the constitutional claim must be substantial and both the statutory and constitutional claims must arise out of a common nucleus of operative facts. *Maher,* 448 U.S. at 133 n. 15, 100 S.Ct. at 2576 n. 15; *Seaway Drive-In,* 791 F.2d at 451–52. This test of substantiality is identical to the one described above that the district court must apply to determine whether it has pendent jurisdiction over a state law claim. *See Seaway Drive-In,* 791 F.2d at 452. If a constitutional claim is substantial for jurisdictional purposes, therefore, it will also be substantial for attorney's fees purposes. *See id.*

We have already held that the constitutional claims raised in this case were sufficiently substantial to support federal jurisdiction. In addition, the constitutional and state law claims were based on a common nucleus of operative facts, and Dr. Plott essentially sought the same relief based on alternative claims. *See Seaway Drive-In,* 791 F.2d at 452, 455. Consequently, Dr. Plott was the prevailing party and was entitled to an award of attorney's fees under section 1988, even though the district court did not decide the constitutional claims. The district court therefore erred in denying attorney's fees. We remand for further proceedings to determine an appropriate award of fees.

The judgment of the United States District Court for the District of Colorado is AFFIRMED as to its decision on the merits (appeal No. 90–1200) and REVERSED and REMANDED for further proceedings on the issue of attorney's fees (appeal No. 90–1294). The Board's motion for certification of a state law question is DENIED.