3 P.3d 488 (2000)
Darryl DEIGHTON d/b/a First Amendment Bookstore, Plaintiff-Appellee,
v.
The CITY COUNCIL OF the CITY OF COLORADO SPRINGS, Colorado; Robert Isaac, Leon Young, Lisa Aré, Cheryl Gillaspie, John Hazelhurst, Mary Lou Makepeace, Randy Purvis, Larry Small, David White, in their official capacities only as members of the Colorado Springs City Council; and The City of Colorado Springs, Colorado, a municipal corporation, Defendants-Appellants.
No. 99CA0319.
Colorado Court of Appeals, Div. III.
April 27, 2000.
*489 Arthur M. Schwartz, P.C., Arthur Schwartz, Michael Gross, Denver, Colorado, for Plaintiff-Appellee.
Patricia K. Kelly, City Attorney, Stephen Hook, Assistant City Attorney, Colorado Springs, Colorado, for Defendants-Appellants.
Opinion by Judge TAUBMAN.
In this action for monetary and declaratory relief pursuant to 42 U.S.C. § 1983 (1994), defendants appeal the trial court's award to plaintiff of attorney fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1994). Darryl Deighton, d/b/a First Amendment Bookstore (Deighton), was the plaintiff in the original action. Defendants were City of Colorado Springs, City of Colorado Springs City Council, and all eight council members, who were sued in their official capacities (collectively, city council). We reverse.
This action arose out of two temporary moratoria on new adult uses enacted by the city council on June 23, 1992 and July 14, 1992. On June 26, 1992, Deighton sought permits for construction of an adult bookstore in Colorado Springs. However, on June 23, 1992, before Deighton sought approval, the city council directed that city officials not approve any adult uses until the city council had an opportunity to study the issue. This moratorium prevented Deighton from obtaining permits for the adult bookstore.
On July 14, 1992, the city council by resolution extended the first moratorium on the establishment of new adult uses for an additional 90 days. In the interim, the city council passed an amendment to the existing adult use ordinance prohibiting adult uses within 1,000 feet of a day care center. The amendment changed the method for measuring the distance, and required that distances be measured in a straight line regardless of intervening structures or objects. Deighton's proposed use was prohibited by the amended ordinance.
Deighton then challenged the city council's enactment of the two moratoria. In his complaint, he asserted two state law claims and two federal claims pursuant to 42 U.S.C. § 1983 (1994). The first state law claim alleged that the moratoria had been enacted in a procedurally improper manner. The second state law claim asserted that the City was estopped from enforcing the moratoria against Deighton because he had a vested right to commence the construction of an adult bookstore. The federal claims alleged that the moratoria deprived Deighton of his First Amendment rights of free speech and expression and constituted a Fifth Amendment taking. The trial court entered summary judgment in favor of the city council on all claims. Deighton appealed this decision.
In that appeal, a division of this court determined that the moratoria had been enacted in a procedurally improper manner, *490 and remanded to the district court for a determination of Deighton's damages and request for attorney fees pursuant to 42 U.S.C. § 1988. The court, however, declined to address Deighton's constitutional claims that had been dismissed by the district court. Deighton v. City Council of Colorado Springs, 902 P.2d 426 (Colo.App.1994).
On remand, the district court determined that because the court of appeals had concluded that the moratoria were improperly enacted, Deighton had prevailed on a significant issue, and was therefore entitled to attorney fees pursuant to 42 U.S.C. § 1988. The parties, after discovery, stipulated that $40,000 constituted a reasonable amount of attorney fees, but the city council preserved its right to challenge on appeal the propriety of any award of fees. This appeal followed.

I.
The city council contends that Deighton is not entitled to attorney fees pursuant to 42 U.S.C. § 1988 because he only prevailed on a state law claim and did not prevail on his federal 42 U.S.C. § 1983 claims. We disagree.
We review the trial court's decision to grant plaintiff attorney fees under an abuse of discretion standard. However, we also review any statutory interpretations or legal conclusions that provide a basis for the award de novo. Phelps v. Hamilton, 120 F.3d 1126 (10th Cir.1997).
42 U.S.C. § 1988 provides for an award of attorney fees to a prevailing party who brings an action pursuant to 42 U.S.C. § 1983. The Supreme Court has concluded that 42 U.S.C. § 1988 also applies in cases raising constitutional as well as non-constitutional state law claims where a determination of the state law claim is dispositive, and therefore, a court does not reach the constitutional issue. See Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980) (courts are reluctant to rule on constitutional claims, and prefer instead to decide a case on state law grounds if the state law issue is dispositive).
However, for a court to award attorney fees, the plaintiff must have asserted a substantial constitutional claim and both the state law and constitutional claims "must arise out of a common nucleus of operative facts." Plott v. Griffiths, 938 F.2d 164, 168 (10th Cir.1991). A constitutional claim is substantial unless it is without merit, wholly frivolous, or barred by prior Supreme Court decisions. Plott v. Griffiths, supra.
Based on this test, we conclude that Deighton's First and Fifth Amendment constitutional claims, while not addressed on appeal, were substantial so as to support the district court's consideration of Deighton's request for attorney fees pursuant to 42 U.S.C. § 1988. These claims, though dismissed by the trial court before the first appeal, had at least some merit and were not barred by prior Supreme Court decisions. We further conclude that both Deighton's successful state law claim and the constitutional claims not addressed by this court arose out of a common nucleus of operative facts. Both were based on the city council's enactment of the moratoria that prohibited Deighton's construction of an adult bookstore. Thus, although the court of appeals decision did not address Deighton's constitutional claims, he still may be entitled to attorney fees pursuant to 42 U.S.C. § 1988.

II.
The city council next contends that Deighton is not entitled to attorney fees as a prevailing party under 42 U.S.C. § 1983 because he did not recover any damages and did not obtain a judgment that altered the legal relationship of the parties or the conduct of the city council toward Deighton. We agree.
To obtain an award of attorney fees, a court must first determine that the party requesting such fees was the prevailing party in the litigation.
A plaintiff prevails if he or she (1) receives monetary damages, including nominal damages, (2) obtains an injunction, or (3) obtains a declaratory judgment from which he or she directly benefits. See Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (nominal damages); *491 Rhodes v. Stewart, 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) (declaratory relief); Jackson v. State, 966 P.2d 1046 (Colo.1998) (injunction). In addition, under 42 U.S.C. § 1983, actual relief on the merits must materially alter the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. Farrar v. Hobby, 506 U.S. at 109, 113 S.Ct. at 571, 121 L.Ed.2d at 503 (1992).
In addition, for a plaintiff to be considered a prevailing party, "[w]hatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement." National Black Police Ass'n v. District of Columbia Board of Elections & Ethics, 168 F.3d 525, 528 (D.C.Cir.1999) (emphasis added). Therefore, a plaintiff will not be considered a prevailing party for purposes of 42 U.S.C. § 1988 attorney fees if the case becomes moot before he or she achieves a favorable decision on the merits. Martinez v. Wilson, 32 F.3d 1415 (9th Cir.1994).
Furthermore, as in Farrar, even a prevailing party may not be entitled to an award of attorney fees in some circumstances, such as when a favorable decision is only technical or de minimis. In Rogers v. Board of Trustees, 859 P.2d 284, 288 (Colo. App.1993), a division of this court adopted a three-part test articulated by Justice O'Connor in Farrar. To determine whether a victory is merely technical or de minimis under this test, a court will examine "(1) the difference between the amount recovered and the damages sought, (2) the significance of the legal issue on which plaintiff prevailed, and (3)[the] accomplishing [of] some public goal." This three-part test, however, does not apply until a court concludes the party requesting attorney fees under 42 U.S.C. § 1988 is a prevailing party.
Here, the trial court found that because Deighton had obtained a favorable judgment on a significant issue  the procedural defectiveness of the moratoria  he was entitled to reasonable attorney fees despite his failure to obtain monetary damages.
However, obtaining a favorable judgment, without more, does not entitle a plaintiff to prevailing party status within the meaning of 42 U.S.C. § 1988. A plaintiff must actually benefit from the judgment. See Rhodes v. Stewart, supra (prisoners who obtained declaratory judgment not entitled to attorney fees where modification of prison policies did not benefit them because one had died and the other had been released from prison before the trial court judgment issued). In addition, a plaintiff must obtain the declaratory judgment before the actions of either party render the case moot. Martinez v. Wilson, supra.
In National Black Police Ass'n v. District of Columbia Board of Elections & Ethics, supra, the court awarded attorney fees because it determined that injunctive relief had altered the legal relationship between the parties for 52 days, despite the fact that the case subsequently became moot. The court concluded that subsequent mootness does not necessarily alter a plaintiff's status as a prevailing party. The prevailing party inquiry focuses on whether, at the time the judgment favorable to plaintiff was entered, the relief on the merits materially altered the parties' legal relationship by modifying the defendant's behavior in a way that directly benefits the plaintiff.
Likewise, in Martinez v. Wilson, supra, the court held "[t]hat a decision favorable to a section 1983 plaintiff ... later vacated as moot does not alter the plaintiff's status as a prevailing party provided the plaintiff achieved that status before the case was rendered moot." Martinez v. Wilson, supra, 32 F.3d at 1422 (emphasis added).
Here, Deighton had sold the property more than a year before the court of appeals entered its judgment. Therefore, that judgment did not in any way alter the legal relationship between the parties because it did not modify the city council's behavior in a way that directly benefited Deighton.
Consequently, although this matter was not moot at the time of the trial court proceedings, by the time the division of this court entered its judgment in favor of Deighton, his property had already been sold, and the case was apparently moot. The court of appeals opinion did not discuss mootness, and there is no indication in its opinion that the parties raised that issue.
*492 In addition, because of the prior sale, the trial court declined to award either actual or nominal damages upon remand from this court. Deighton has not appealed that ruling on damages.
In summary, despite Deighton's success in obtaining a favorable judgment from a division of this court, that judgment did not materially alter the legal relationship of the parties. Thus, Deighton was not a prevailing party for purposes of 42 U.S.C. § 1988 attorney fees. Accordingly, we conclude the trial court erred in granting his request for attorney fees. See Martinez v. Wilson, supra (trial court award of attorney fees reversed based on appellate court's determination that plaintiffs and intervenors were not prevailing parties because they did not benefit from injunction prior to case becoming moot).
Judgment reversed.
Chief Judge HUME and Judge NEY concur.