**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 06-2181**

—————————

GIOVANNI CARANDOLA, LTD, d/b/a Christie's
Cabaret, a North Carolina corporation; Y.K.
ENTERPRISES, INCORPORATED, d/b/a Southside
Johnnie's, a North Carolina corporation;
REESAW, INCORPORATED, d/b/a Chester's Premier
Gentlemen's Club, a North Carolina
corporation; E.K.'S II, INCORPORATED, d/b/a
Harper's II, a North Carolina corporation;
CARL EDWARD COLLINS, d/b/a Harper's II Exotic
Car Wash; TREASURE BOX, INCORPORATED,

Plaintiffs - Appellees,

and

SIMPLY EXPLICIT, L.L.C., a North Carolina
Corporation,

Plaintiff,

versus

CITY OF GREENSBORO, a North Carolina Municipal
Corporation,

Defendant - Appellant.

—————————

**No. 07-1249**

—————————

GIOVANNI CARANDOLA, LTD, d/b/a Christie's
Cabaret, a North Carolina corporation; Y.K.
ENTERPRISES, INCORPORATED, d/b/a Southside
Johnnie's, a North Carolina corporation;

REESAW, INCORPORATED, d/b/a Chester's Premier
Gentlemen's Club, a North Carolina
corporation; E.K.'S II, INCORPORATED, d/b/a
Harper's II, a North Carolina corporation;
CARL EDWARD COLLINS, d/b/a Harper's II Exotic
Car Wash; TREASURE BOX, INCORPORATED,

                                    Plaintiffs - Appellants,

        and

SIMPLY EXPLICIT, L.L.C., a North Carolina
Corporation,

                                    Plaintiff,

        versus

CITY OF GREENSBORO, a North Carolina Municipal
Corporation,

                                    Defendant - Appellee.

_____

Appeals from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (1:05-cv-01166-WLO)

_____

Argued: September 26, 2007          Decided: December 10, 2007

_____

Before NIEMEYER and TRAXLER, Circuit Judges, and Samuel G. WILSON,
United States District Judge for the Western District of Virginia,
sitting by designation.

_____

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

_____

**ARGUED:** William Pinkney Herbert Cary, BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, Greensboro, North Carolina, for
Appellant/Cross-Appellee.  J. Michael Murray, BERKMAN, GORDON,

MURRAY & DEVAN, Cleveland, Ohio, for Appellees/Cross-Appellants. **ON BRIEF:** M. Blair Carr, Associate General Counsel, OFFICE OF THE CITY ATTORNEY, Greensboro, North Carolina, for Appellant/Cross-Appellee. Raymond Vasvari, BERKMAN, GORDON, MURRAY & DEVAN, Cleveland, Ohio, for Appellees/Cross-Appellants.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Faced with the threat of having to relocate or shut down under an amendment to a City of Greensboro, North Carolina ordinance concerning the location of sexually oriented businesses, plaintiff adult businesses filed suit against Greensboro pursuant to 42 U.S.C. § 1983, claiming that the amended ordinance violated their First and Fourteenth Amendment rights. Alternatively, plaintiffs raised a pure state law claim that the amendment did not apply to established adult businesses, and they filed a motion for summary judgment on that single ground. The district court agreed with the plaintiffs' interpretation of the amendment and granted plaintiffs' motion for summary judgment. However, the court concluded that plaintiffs were not prevailing parties under 42 U.S.C. § 1988 and denied their motion for attorney's fees. Greensboro appeals the district court's construction of the amendment, and plaintiffs appeal the district court's determination that they were not prevailing parties entitled to attorney's fees. Following the district court's ruling, Greensboro amended the ordinance such that the language at the center of the dispute is no longer in effect, and Greensboro replaced that language with new language intended to make it plain that the plaintiffs will have to relocate or shut down. Plaintiffs have challenged the newly amended ordinance in the district court, and that challenge is not currently before us. Consequently, because the language at issue is no longer in effect, we conclude that the question of whether the district court properly interpreted it is moot, and a ruling by this court would

4

be purely advisory. Accordingly, we dismiss that appeal. However, we affirm the district court's decision denying plaintiffs attorney's fees.

I

Greensboro has had an ordinance regulating adult businesses since at least 1995. City of Greensboro Development Ordinance § 30-5-2.73.5. That ordinance specifies zoning districts for adult businesses, the required minimum distance between any two adult businesses, and the required minimum distance between adult businesses and certain other structures such as churches and schools. In 2001, Greensboro amended the ordinance, in part, by increasing the required minimum distance between adult businesses and schools and requiring nonconforming businesses to cease operations or move. In 2004, Greensboro again amended the ordinance by requiring nonconforming businesses to cease operations or conform to the law by February 2006. After that amendment, plaintiffs filed this action, seeking a declaration that they were not nonconforming businesses or alternatively that the ordinance violated the First and Fourteenth Amendments of the U.S. Constitution.

The pivotal provision of the ordinance provided in pertinent part that "[n]o sexually oriented business shall locate" within certain distances from other adult businesses, schools, and other specified uses. City of Greensboro Development Ordinance § 30-5-2.73.5(B). Plaintiffs moved for summary judgment solely on a state

5

law claim, arguing that the provision did not apply to them; that it unambiguously prohibited only the affirmative act of "*locating*" – actively establishing – in a location, not passively *remaining* there. Greensboro argued that its ordinance prohibited both the affirmative act of locating and the passive active of remaining. The district court agreed with plaintiffs and granted their motion for summary judgment. However, the district court denied plaintiffs' motion for attorney's fees under 42 U.S.C. § 1988(b) because the claim upon which they obtained relief was not sufficiently related to their federal claim. The district court explained that the summary judgment motion presented only the single state law claim; no constitutional question was presented, and so the court did not avoid, reserve or decline any constitutional question in ruling on the motion.

After the district court's decision, Greensboro again amended its ordinance, using language that plaintiffs had argued would be necessary to make the ordinance apply to their established adult businesses. Plaintiffs then filed a new action in the district court seeking to enjoin its enforcement on constitutional grounds. That action is not before this court.

II

We find the issue of whether the district court properly held that the ordinance does not apply to established adult business locations is moot. Accordingly, we dismiss Greensboro's appeal.

To be cognizable in a federal court, a suit must be a "real

6

and substantial controversy admitting of specific relief of a conclusive character, as distinguished from an opinion advising what the law would be on a hypothetical state of facts." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (citations omitted). A case is moot if the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979). "[M]oot questions require no answer," Missouri, Kansas & Texas R. Co. v. Ferris, 179 U.S. 602, 606 (1900), and federal courts are without jurisdiction to answer them because federal courts do not have the power to issue advisory opinions. United States v. Alaska S.S. Co., 253 U.S. 113, 116 (1920). These requirements of the mootness doctrine are rooted in Article III of the Constitution, Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964), and extend to appellate review, Brooks v. Vassar, 462 F.3d 341, 348 (4th Cir. 2006), whether or not the parties have raised the issue. See Rice, 404 U.S. at 246.

Neither party has had much to say about the mootness of this appeal. Greensboro preemptively argues in a footnote that this appeal is not moot on two grounds. First, it argues that if we were to reverse the district court, plaintiffs would have no basis for claiming attorney's fees; second, it argues that reversal "could lead to a ruling" that plaintiffs have been a nonconforming use since 2001. Neither argument saves Greensboro's appeal from mootness.

7

As to Greensboro's first argument, the existence of a live controversy concerning attorney's fees cannot save the underlying claim from mootness. S-1 v. Spangler, 832 F.2d 294, 297 n.1 (4th Cir. 1987) ("a claim for costs and attorney fees . . . does not avert mootness of the underlying action on the merits"). The Supreme Court has made plain that an "interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." Lewis v. Continental Bank Corp., 494 U.S. 478, 480 (1990). As to Greensboro's second argument, it is not enough that a ruling here could conceivably affect another proceeding elsewhere. "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the *matter in issue in the case before it*." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (citations omitted) (emphasis added). But that is precisely what Greensboro asks us to do here. Greensboro would have us render an opinion concerning the superseded provisions of an ordinance because it might benefit them in other litigation. We are not at liberty to do so. Accordingly, we find the issue to be moot and dismiss Greensboro's appeal.[1]

---

[1] We note that vacatur of the district court's decision might well be dispositive of the attorney's fee issue. Lewis, 494 U.S. at 480 ("[a]n order vacating the judgment on grounds of mootness would deprive [] of its claim for attorney's fees under 42 U.S.C. 1988 . . . , because such fees are only available to a party that "prevails" by winning the relief it seeks"). However, because mootness here is not by happenstance, see United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950), and because no party has

8

Plaintiffs assert that they were prevailing parties entitled to attorney's fees under 42 U.S.C. § 1988(b) as a result of the district court's grant of summary judgment favoring their interpretation of the ordinance, despite never moving for or obtaining relief on their federal claim. Whether plaintiffs are prevailing parties is considered de novo by this court. Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 274 (4th Cir. 2002). We consider the purpose of § 1988(b) and the posture of the case in the district court, and conclude that plaintiffs were not prevailing parties entitled to recover attorney's fees, and affirm the district court on that issue.

Under the "American rule" each party pays its own legal fees. This rule prevails absent explicit statutory authority. Buckhannon Board & Care Home v. W. Va. Dep't of Health and Human Resources, 532 U.S. 598, 602 (2001). For claims pursuant to 42 U.S.C. § 1983, that authority is found in 42 U.S.C. § 1988(b), which reads in pertinent part:

> In any action or proceeding to enforce a provision of section . . . 1983 [among other provisions], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

---

demonstrated equitable entitlement to the "extraordinary remedy" of vacatur, U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 26 (1994), we do not vacate the district court's decision.

"Prevailing party" is defined rather broadly, and even resolution by settlement may be sufficient if there has also been an enforceable judgment entered by the court. Maher v. Gagne, 448 U.S. 122, 129 (1980). However, it is not enough for plaintiffs to merely be a "catalyst" for a voluntary change in defendant's behavior. Buckhannon, 532 U.S. at 600. Rather, a prevailing party is "one who has been awarded some relief by the court[.]" Id. at 603.

Even where a party prevails on a claim other than the § 1983 claim (a "non-fee" claim), that party may recover attorney's fees according to the rule of Smith v. Robinson, 468 U.S. 992 (1975). Under this rule, "when the claim upon which a plaintiff actually prevails is accompanied by a 'substantial,' though undecided, § 1983 claim arising from the same nucleus of facts, a fee award is appropriate." Id. at 1002. According to the Supreme Court's rationale, "Congress did not intend to have [§ 1988] extinguished by the fact that the case was settled or resolved on a nonconstitutional ground." Id. at 1006-7. In contrast, where "petitioners have presented distinctly different claims for different relief, based on different facts and legal theories, and have prevailed only on a non-fee claim, they are not entitled to a fee award simply because the other claim was a constitutional claim that could be asserted through § 1983." Smith, 468 U.S. at 1015. Applying these principles in Smith, the Supreme Court affirmed the denial of attorney's fees because the fee and non-fee claims at issue involved distinctly different legal theories and facts, and

10

would have each called for different relief.  Thus, a court must determine whether the fee and non-fee claims are "reasonably related," so as to allow an award of attorney's fees.  Id. at 1002.

Given the foregoing, a party who claims to be a prevailing party must satisfy two requirements.  He must have obtained sufficient judicial relief, and, when a non-fee claim is dispositive, the non-fee claim must have been reasonably related to the fee claim.  We assume without deciding that the district court's declaratory judgment was sufficient judicial relief and therefore do not address the first requirement further here.

As to whether the fee and non-fee claims were "reasonably related," we agree with the district court that the legal issues were not tightly intertwined.  Indeed, the statutory construction issue could be, and was, cleanly isolated from all constitutional questions.  Plaintiffs moved for summary judgment on the non-fee claim alone, putting no constitutional issue before the district court at all.[2]  The Supreme Court in Maher v. Gagne, 448 U.S. 122,

---

[2]We recognize that other circuit courts of appeals have faced similar questions and awarded attorney's fees: Plott v. Griffiths, 938 F.2d 164 (10th Cir. 1991), and Seaway Drive-In, Inc. v. Township of Clay, 791 F.2d 447 (6th Cir. 1986), *cert. denied,* 479 U.S. 884.  Both of these cases are distinguishable, and we do not read them to contradict our decision here.  In each case the constitutional question was before the court or was expressly considered.  The fact that constitutional questions were before the court means that the Congressional concern over penalizing plaintiffs was arguably implicated.  In Plott, the court noted that the district court had "appropriately addressed the statutory construction issue first."  938 F.2d at 167.  In Seaway Drive-In, the district court "refrained from discussing the merits" that would support a claim for fees, though it did find, at the preliminary injunction stage, that the plaintiffs were likely to succeed on the merits of the constitutional claims.  791 F.2d at

11

133 (1980), explained that a party may "prevail" within the meaning of § 1988 on a wholly statutory non-civil-rights claim. This explanation, however, is in the context of cases in which the courts have actually declined to reach the constitutional questions in favor of dispositive state law claims; this context is made clearer by the legislative history relied upon in Maher:

> To the extent a plaintiff joins a claim under one of the statutes enumerated in H.R. 15460 with a claim that does not allow attorney fees, that plaintiff, if it prevails on the non-fee claim, is entitled to a determination on the other claim for the purpose of awarding counsel fees. . . . In some instances, however, the claim with fees may involve a constitutional question which *the courts are reluctant to resolve* if the non-constitutional claim is dispositive. . . . In such cases . . . attorney's fees may be allowed even though the court *declines* to enter judgment for the plaintiff on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a "common nucleus of operative fact."

H.R.Rep. No. 94-1558, p. 4, n.7 (1976) (emphasis added) (cited in Maher, 448 U.S. at 133 n.15).

In contrast, the district court decision here did not involve judicial abstention from constitutional issues. This means that there is no implication of the Congressional concern over penalizing parties who have brought valid constitutional claims that are then rightly avoided by judges because of the "avoidance doctrine." Plaintiffs isolated and presented a single issue to the court in their motion for summary judgment – the issue of whether the ordinance applied to plaintiffs.

---

449.

12

We also note that plaintiffs obtained only a federal court's interpretation of state law. It is well-established that federal courts are not the last word on the interpretation of state laws. Although federal courts commonly construe state statutes, federal courts lack jurisdiction to do so authoritatively. Virginia Soc. For Human Life v. Caldwell, 152 F.3d 268, 270 (4th Cir. 1998) (citing United States v. Thirty-Seven Photographs, 402 U.S. 363, 369 (1971) ("[W]e lack jurisdiction authoritatively to construe state legislation.")). See also Brown v. Ohio, 432 U.S. 161, 167 (1977); Garner v. State of Louisiana, 368 U.S. 157, 169 (1961) (noting that state courts "have the final authority to interpret" state law); Railroad Commission of Tex. v. Pullman Co., 312 U.S. 496, 499-500 (1941). Since federal courts cannot bind state courts in the interpretation of their own laws, North Carolina is not bound to hold that the Greensboro ordinance is inapplicable to businesses like plaintiffs.[3] This point illustrates how unrelated the legal questions were. The district court, far from deciding an issue under the United States Constitution, was deciding only an issue upon which the court could not even deliver a final answer.

---

[3]We recognize that claim and/or issue preclusion could have worked to plaintiffs' benefit if plaintiffs had challenged Greensboro's enforcement in a North Carolina court before Greensboro amended the ordinance. See, e.g., Youse v. Duke Energy Corp., 614 S.E.2d 396 (N.C. Ct. App. 2005). However, the district court's declaratory judgment could not have directly interfered with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs, and the State would have been free to prosecute others who violated the statute. Doran v. Salem Inn, Inc., 422 U.S. 922, 930-31 (1975).

In sum, the district court was correct to note that it never had the opportunity to abstain from a § 1983 question. It merely decided the only question before it, which was a pure state law question. For the purposes of the summary judgment decision, the constitutional issues were not related at all to the state law claim. This summary judgment decision had only a coincidental relationship to § 1983. Therefore, the district court was correct in denying attorney's fees chiefly because the fee and non-fee claims were not intertwined so as to make any abstention from constitutional questions necessary. It follows that plaintiffs were not prevailing parties entitled to attorney's fees.

IV

For the foregoing reasons, we dismiss Greensboro's appeal as moot and affirm the district court's decision to deny attorney's fees to plaintiffs.

DISMISSED IN PART;
AFFIRMED IN PART

14