**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2014[*]
Decided September 23, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

Nos. 13-2427 & 13-2535

YOLANDA D. YOUNG-SMITH,
 *Plaintiff-Appellant, Cross-Appellee,*

 *v.*

REBECCA A. HOLT, *et al.,*
 *Defendants-Appellees,*

 *and*

STEPHEN A. YOKICH,
 *Defendant-Appellee, Cross-Appellant.*

Appeals from the United States District
Court for Northern District of Indiana,
South Bend Division.

No. 3:12-cv-00275

Philip P. Simon,
*Chief Judge.*

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

**ORDER**

Yolanda Young-Smith appeals the dismissal without prejudice of her civil-rights lawsuit. Stephen Yokich cross-appeals to obtain a dismissal with prejudice. This case arises out of another suit that Young-Smith brought against her former employer (Bayer Healthcare) and her union for employment discrimination. She alleges that attorneys in the employment suit and others conspired to violate various laws in order to defeat her in that case. The court dismissed Young-Smith's complaint for lack of a substantial federal question. We affirm the dismissal because Young-Smith failed to raise a substantial federal question, but clarify that part of the dismissal is with prejudice.

According to Young-Smith, whose factual allegations we must take as true, Bayer fired her from her job as an hourly worker because she is black and her union failed to grieve the discharge adequately. Young-Smith sued both Bayer and the union for race discrimination. She later settled with Bayer, and the district court granted the union partial summary judgment, but allowed one claim against the union to proceed to trial; the case is still pending.

Young-Smith then filed this lawsuit to challenge conduct that occurred in the employment suit. Her complaint accuses private actors—her attorney, the union's attorney, former co-workers, and others—of lying to the court, defaming her during court proceedings, and refusing to produce some documents. Among other laws, she cites 42 U.S.C. § 1985, the federal statute prohibiting conspiracies to violate civil rights, and notes that she is black and the defendants are white.

After she filed this lawsuit, Young-Smith asked the judge in the employment case, Judge Lee, to consider her claims of fraud on his court. He allowed her to submit her evidence of a fraud conspiracy, and after she supplied her evidence she asked him to rescind her settlement agreement with Bayer and vacate the court's grant of partial summary judgment to the union. After considering the evidence, Judge Lee concluded that no fraud occurred and denied Young-Smith's motions.

Meanwhile the defendants in this case moved to dismiss it. They argued that no substantial federal claims supported subject-matter jurisdiction. Defendant Stephen Yokich, the union's lawyer, added that Young-Smith failed to state a claim for fraud because her exclusive remedy for fraud was in the employment suit and her defamation claim failed because an absolute litigation privilege shields statements he made there. (Yokich did not argue that, in light of Judge Lee's ruling, claim preclusion bars the

fraud claim; likewise on appeal Yokich tells us that, because the employment case is still pending, Young-Smith remains free to continue litigating her fraud claim there.)

The district court granted the motion to dismiss. It described Young-Smith's complaint as a long, "machine gun spray of allegations" of state-law violations, peppered with haphazard citations to federal statutes. Without any facts supporting a federal question, though, the court concluded that Young-Smith's complaint lacked subject-matter jurisdiction. It then dismissed all claims without prejudice. Both Young-Smith and Yokich moved the court to reconsider. Young-Smith maintained that the fraud conspiracy created a federal question, and Yokich argued that the dismissal should be with prejudice because, although Judge Lee found no fraud, he treated the question as substantial. Still seeing no federal question, the court denied both motions, and the parties appeal.

Young-Smith raises three main arguments on appeal. She first contends that her case presents a federal question because she accuses private actors of conspiring to interfere with her right to sue, misconduct for which she contends that 42 U.S.C. § 1985 provides a remedy. But to invoke federal jurisdiction under § 1985 non-frivolously, Young-Smith needed to allege that the defendants conspired to deprive her of constitutional rights *because of her race*. *See* 42 U.S.C. § 1985(2), (3); *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971); *Chavis v. Clayton County School District*, 300 F.3d 1288, 1291–92 (11th Cir. 2002). Although her complaint is littered with references to a "conspiracy," that legal term gets her nowhere. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). She never alleges that, because of her race, the defendants conspired to defraud Judge Lee into rejecting her employment suit. Without an allegation of racial animus, Young-Smith's reference to § 1985 did not create a substantial federal question. (We have considered the other federal statutes she cites, but in the district court and here she did not develop serious arguments about them, so they are forfeited.)

The remainder of Young-Smith's complaint creates no federal question either. She raises claims of perjury, conspiracy to commit perjury, fraud, legal malpractice, intentional infliction of emotional distress, and defamation. But these are all questions of state law. *See, e.g., Ball v. City of Indianapolis*, ___ F.3d ___, 2014 WL 3673466 at *6 (7th Cir. July 25, 2014) (perjury and fraud); *Rosenbaum v. White*, 692 F.3d 593, 600 (7th Cir. 2012) (legal malpractice); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (intentional infliction of emotional distress); *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28

F.3d 704, 707 (7th Cir. 1994) (defamation). Because Young-Smith does not assert diversity jurisdiction, these claims do not support federal question jurisdiction.

Young-Smith's two remaining arguments are also baseless. First she contends that in dismissing her complaint the district court improperly considered a matter outside the pleadings—Judge Lee's order rejecting the fraud claim. But a court may take judicial notice of matters of public record such as a court order. *See Gienosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *United States v. Wood*, 925 F.2d 1580, 1581–82 (7th Cir. 1991); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). Second Young-Smith argues that the district court should have stayed this suit until final judgment is entered in her employment case; that way, if the adverse fraud ruling there becomes conclusive, she may later resume her fraud claims here. But once the court enters a final judgment in the employment case, claim preclusion would bar her fraud claims here. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). A stay thus would have been pointless.

We come to Yokich's cross-appeal, in which he presents two arguments. He first contends that Young-Smith's claim of a conspiracy to defraud Judge Lee should have been dismissed with prejudice because her exclusive remedy for that claim is in the employment case. He is correct that the dismissal should be with prejudice, but we need not decide whether Young-Smith's only recourse for fraud was before the allegedly defrauded court. A claim that presents no substantial federal question necessarily states no federal claim; it therefore, "can justifiably be dismissed with prejudice to avoid burdening the court system with a future suit that should not be brought—anywhere." *Georgakis v. Illinois State University*, 722 F.3d 1075, 1078 (7th Cir. 2013); *see El v. AmeriCredit Financial Services, Inc.*, 710 F.3d 748, 751 (7th Cir. 2013). Because her conspiracy-to-defraud claim did not raise a substantial federal question, the district judge should have dismissed it with prejudice for failure to state a federal claim.

Yokich next argues that the district court should have dismissed with prejudice the supplemental state-law defamation claim against him, but we disagree. If a substantial federal claim is dismissed before trial, the court retains supplemental jurisdiction to dismiss a frivolous state-law claim. *See Sellars v. City of Gary*, 453 F.3d 848, 852 (7th Cir. 2006). But a frivolous federal claim, like Young-Smith's conspiracy claim, is too insubstantial to confer federal jurisdiction, so it cannot support supplemental jurisdiction to decide a state-law claim. *See, e.g., Arena v. Graybar Electric Company, Inc.*, 669 F.3d 214, 221–22 (5th Cir. 2012); *Musson Theatrical, Inc., v. Federal Express Corporation*, 89 F.3d 1244, 1255 (6th Cir. 1996); *Plott v. Griffiths*, 938 F.2d 164 (10th Cir. 1991). Yokich

replies that Young-Smith's fraud claims were substantial because Judge Lee addressed them. True, they may have been substantial in the sense that they fell within Judge Lee's inherent power to police his own court. But as Yokich concedes, fraud-on-the-court claims do not independently supply another federal court with federal-question jurisdiction if a federal law has not been violated, and Yokich does not identify one. Without any substantial federal question in the district court, the defamation claims were properly dismissed without prejudice.

Accordingly, the district court's judgment is AFFIRMED AS MODIFIED to reflect that the fraud claim against Yokich is dismissed with prejudice for failure to state a federal claim.