COLE, Chief Judge,
concurring in part and dissenting in part.
CONCURRING IN PART AND DISSENTING IN PART
Ohioans went to the polls on March 15, 2016. That evening, just hours before voting was to conclude, a “fatal accident” shut down traffic on Interstate 275 near Cincinnati. An “oral complaint” then came before the Southern District of Ohio “requesting that the polling locations within the [affected] counties of Butler, Clermont, Hamilton and Warren” remain open for an additional hour. (Id.) The district court, concerned that voting in those four counties would be adversely impacted, granted the request and ordered the Ohio Secretary of State to “keep th[ose] polling locations ... open until 8:30 p.m.” (Id.) He obliged.
The primary election has long since come and gone. Consider these ensuing events: (1) the provisional ballots at issue have been willingly counted by the County Election Boards; (2) the Secretary of State has disavowed any desire to invalidate those ballots; (3) extended voting had no effect on the outcome of any race; and (4) the election result has been conclusively certified under state law, see Ohio Rev. Code § 3513.22(A). What is more, there is no real suggestion that anyone’s “fundamental political right to vote” was trammeled, or any redressable form of harm was done to the “integrity of [the state’s] *590 election process.” See Purcell v. Gonzalez, 549 U.S. 1, 4, 127 S.Ct. 5, 166 L.Ed.2d 1 (2006) (internal quotation marks omitted). Yet nearly a month after the fact, the Secretary of State filed this appeal.
Now pause to ask the following question: Is there an extant “case” or “controversy”? U.S. Const, art. Ill, § 2. Though the Secretary of State seeks review of the district court’s actions on the merits, “[m]oot questions require no answer.” Missouri, Kansas & Texas R. Co. v. Ferris, 179 U.S. 602, 606, 21 S.Ct. 231, 45 L.Ed. 337 (1900). Article III, that is, “requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.” Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).
Beyond that general rule, courts possess wide latitude “to choose among threshold grounds for denying audience to a case on the merits.” Id. at 585, 119 S.Ct. 1563. For instance, in Arizonans for Official English v. Arizona, 520 U.S. 43, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997), the Supreme Court bypassed a challenge to the appellants’ standing — despite having “grave doubts” on the matter — and instead “resolve[d] the question whether there remain[ed] a live case or controversy.” Id. at 66-67, 117 S.Ct. 1055. That move was acceptable, the Court reasoned, because both questions concerned “the Article III jurisdiction of [the reviewing court] and the courts below, not ... the merits of the case.” Id. at 67, 117 S.Ct. 1055; see also Burke v. Barnes, 479 U.S. 361, 363-64, 107 S.Ct. 734, 93 L.Ed.2d 732 (1987) (pretermitting issue of congressional standing and dismissing on mootness grounds).
I would do just that. As arnica has persuasively argued, the issues presented are not live, nor is there any legally cognizable interest in the outcome of this case. See Campbell-Ewald Co. v. Gomez, — U.S. -, 136 S.Ct. 663, 669, 193 L.Ed.2d 571 (2016); Appalachian Reg’l Healthcare, Inc. v. Coventry Health & Life Ins. Co., 714 F.3d 424, 429 (6th Cir. 2013) (“Because the preliminary injunction here expired by its terms ..., a challenge to its issuance is moot unless a recognized exception applies.”). And the Secretary, moreover, confesses that his “sole motivation for pressing this appeal is to ensure that such an order never happens again,” an admission that seems to solicit an advisory opinion. (Appellant’s Br. at 22.) Cf. United States v. Articles of Drug Consisting of 203 Paper Bags, 818 F.2d 569, 571 (7th Cir. 1987) (observing that the desire to “gain a useful precedent to brandish ... cannot prevent a case from becoming moot”). .
But the parties part ways in answering the ensuing question: Does this case fall within the exception for wrongs “capable of repetition, yet evading review”? Kingdomware Techs., Inc. v. United States, — U.S. -, 136 S.Ct. 1969, 1976, 195 L.Ed.2d 334 (2016). That doctrine only applies in “exceptional situations,” Los Angeles v. Lyons, 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), where (1) the issue’s life-span is “in its duration top short” to be fully litigated before the usual appellate process is complete, and (2) there exists a “reasonable expectation” or a “demonstrated probability” that the same parties will once again be involved in the same dispute, Murphy v. Hunt, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam).
The majority thinks that the mootness inquiry is not “free from doubt.” Ante, at 588. I disagree. In my view, neither prong of the exception is satisfied. First, the Secretary’s challenge to the district court’s order could have easily been resolved through a “traditionally live controversy” prior to the certification of the election results. See Honig v. Doe, 484 U.S. 305, 336, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (Scalia, J., dissenting). True, “[cjhallenges *591 to election laws” usually satisfy the evading-review prong, Lawrence v. Blackwell, 430 F.3d 368, 371 (6th Cir. 2005), but the conditions for application of that “relaxed” standard do not exist here. Indeed, the Secretary purposely declined to seek reconsideration, an emergency stay, or expedited review of the injunctive order — precisely because the “provisional ballots did not change the outcome of any race.” (Appellant’s Br. at 31.) Second, the Secretary’s speculation regarding the capable-of-repetition prong does not amount to “evidence creating a reasonable expectation” that this unusual confluence of events — a fatal accident that closed a major highway artery, just hours before an election — can reasonably be expected to recur. See Illinois State Bd. of Elections v. Socialist Workers Party, 440 U.S. 173, 187, 99 S.Ct. 983, 59 L.Ed.2d 230 (1979); see also Lyons, 461 U.S. at 109, 103 S.Ct. 1660.
The majority likewise resolves this case on a threshold jurisdictional issue. From the majority’s vantage, the district court lacked jurisdiction because “there [was] no plaintiff with standing” below. Ante, at 588. I express no opinion on that score. But in the end, my disagreement with the majority is one of perspective: if mootness is “the doctrine of standing set in a time frame,” Henry P. Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973), then I elect to resolve this appeal in the present, not the past. I would simply vacate the district court’s order and remand with directions to dismiss the case as moot. See Lewis v. Cont’l Bank Corp., 494 U.S. 472, 482, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990).
For these reasons, I concur in part and dissent in part.